Caruthers, J.,
delivered the opinion of the Court.
The complainants in both bills are creditors of the Deerys, who failed in business, and have become insolvent ; but were possessed of a large property, subject to these debts. But not having enough to pay all, and having given various trust deeds and liens upon it, this contest has arisen for priority of satisfaction, between Gordon, under his assignment of 18th April, 1856, registered 6th November, 1856; and the beneficiary, in *267 a deed of trust to Cox, made and registered lsi October, 1856. The real estate has been sold for a large amount, near $50,000, under an interlocutory decree, but is not sufficient to satisfy the creditors in both deeds. Two objections are taken to Gordon’s claim to priority.
1st. That his deed of assignment is invalid, for want of a sufficient description of the property assigned. The language used is, their 11 joint, or joint and several undivided interest in the real estate of William Deery, their father, late of Siillivan county, deceased, xoherever the said real estate may be situated, to havo and to hold the said undivided interest, severally, or in common, belonging to the said Deery Brothers, according to law, as heirs or devisees of the said William Deery, their father, to the said Gordon, his heirs, and personal representatives, forever.”
This description is very general; but according to the authorities, it is not so vague and uncertain as to render an assignment void. 4 Cruise’s Dig., title 31, ch. 21, sec. 57, it is laid down, that lands will pass in a deed, by the words, “ all the estate which descended to the grantor from J. S.” He cites Shep. Touch, 250. This is very analogous and closely in point, and the authority is high. The case of Jackson vs. Delaney, 11 John. Rep., 365, and 13 John., 554, is also in point, and so is that of Brashier vs. West: 10 Curtis, 614, from 7 Peters, 608. See also, Meigs’ Digest, 764; 3 Hayw., 243, 248. Burrell on Assigns, 262-3-4-5, is an additional authority on this point.
It is easy to ascertain, from the description in this deed, what is the property assigned. It is all their *268 interest in tlie real estate of their father, who died in Sullivan county, wherever it may be situated. The titles of their father must be in writing, and to these in effect, reference is made for the quantity and description of the property.
But, if this were not so, and the objection available, the defect would be remedied by the competing deed to Cox, in which all the said real estate is particularly described; and it is declared in that deed to be the same assigned to Gordon, whose rights are reserved and secured, according to his deed of April 18th, 1856.
2nd. The second objection to the deed of Gordon is, that it provides for, and secures future advancements on liabilities to be incurred. There is no adjudication of this Court upon that question, and it is an open one so far as our cases go.
As to the two cases referred to in our Reports, the question, instead of being decided, is expressly left open.
In Peacock vs. Tompkins, Meigs’ Rep., 328, the Court, after stating that it had been argued that it did not vitiate an assignment, that it provided for future advances to the maker, say: “Without deeming it necessary to assent to, or repudiate, this proposition, it is sufficient to remark that such is not the stipulation in the deed upon this record.” In the other case, of Neuffer vs. Pardue, 3 Sneed, 193, it is said: “One creditor is not allowed to provide security for himself, as to future debts and dealings, by parol.”
We need not now consider the question as to how far prospective advances of goods or money may be secured by mortgage, because, to raise that question, the case must be expressly set forth in the deed; for it is *269 well settled' that a subsequent debt, under a parol agreement at the time, or by distinct contract, cannot be looked to or embraced by a mortgage, or assignment, which is silent in relation thereto. And this last is the case before us. So, in both cases, it will bo seen that the question was only referred to because it had been discussed by counsel, and to state that it did not arise in the case before the Court, and therefore it was improper, or unnecessary, to decide it. All that is decided in either case, (and that is done in both,) is, that an assignment will not be held to secure future advances, or subsequent debts, where there is no stipulation to that effect in the deed; that it cannot be done by a parol agreement or understanding.
But now, the question is directly presented, whether this can be done by express stipulation in the deed, and we may properly decide it. The purpose and scope of this assignment is stated in the beginning of the instrument in these words: “Whereas, said Deery Brothers are carrying on, at Allisonia, the spinning of cotton yarns, and the manufacture of cotton goods, which they are in the habit of consigning, for sale, to said Gordon, and of drawing on him, upon the faith of said consignments, for the purpose of raising money, by anticipating the sale of said yarns and goods, by means of said Gordon’s accepting said drafts, and said acceptances often exceed the amount, or value, of the consignments; and the said Deery Brothers desire to enable Gordon to indemnify himself against the contingency of such excess of drafts not being provided for by them, they, in consideration of the premises, and of the sum of one dollar, Ac., convoy, Ac.” A full and ample power to sell all, or any *270 part, of the land, is conferred, where necessary, for the protection, or indemnification of G-ordon.
There can be no doubt at all, upon the authorities, of the validity of such assignment, when fairly and bona fide made.
The power to give such securities seems to be almost indispensable in a trading, commercial country, where credit and confidence must be maintained for the success of trade. Manufacturers and dealers in the produce of the country, are obliged to obtain acceptances for a large amount; and in order to do so, they must, in some mode, secure against loss the capitalists from whom they obtain advances, or who enable them so raise money upon the credit of their acceptances, or indorsements.
In Conrad vs. The Atlantic Insurance Company, 1 Peters, 448, the principle is clearly stated, that mortgages “may as well be given to secure future advances and contingent debts, as those which already exist, and are certain and due. The only question that properly arises in such case, is the bona fides of the transaction.” This position is well sustained by numerous authorities cited: 2 Powell on Mortgages, 588; 3 Cranch, 73; 7 Cranch, 34; 2 Cowan, 246-293; 1 Pickering, 389; 24 Pickering, 274. In Bur. on Assignment, 76 to 79, the same doctrine is maintained, and cases cited.
It is clear, then, that the assignment to Gordon is not obnoxous to objection on this ground. The only question then, is, to what extent did he make advances, or incur liabilities, for the Deery Brothers, under this deed before the 15th of October, 1856 — the_date of the deed to Cox. He claims a large amount — between thirty and forty thousand dollars. The Chancellor only gave *271 him a preference for $12,000, because that is the amount stated in the Cos deed. This was upon the ground that he had to rely upon the reservation in his favor in the deed, and not upon his own of the preceding April. But this is a mistaken assumption. Gordon has a right to claim, under his own assignment, for all the advances or liabilities incurred for the Deerys, previous to the intervening right of the beneficiaries in the other assignment on the 15th of October. He cannot be bound or limited by the recitations or provisions of the latter deed, to which he was not a party. The only purpose for. which they can be looked to, or become important, is to fix notice of the pre-existing deed, and thereby bind the beneficiaries by it as though it had been registered. And such must be its effect. So far, then, as Gordon’s deed is a valid security to him, it must operate to give priority, without regard to the amount stated in the later deed of Cox. If there had been no reference at all to Gordon’s assignment in that to Gox, there might still be a question, whether he would not have the preference, ev.en without registration, as against the subsequent assignment to secure 'pre-existing debts, upon the doctrine of the case of Brown vs. Yanleer, 7 Hum.,-239. But, in this case, the reference made to the previous assignment is full notice of its contents and extent. That imposed upon them the duty, or afforded them the opportunity, to ascertain the full amount of the charge, resting upon the property, in favor of Gordon, by virtue of the assignment, to which reference was made. If they neglected to do so, it was their own folly, and they arc as much bound, and in the same way affected, as if they had.
*272 We have no hesitation in holding, that Gordon is entitled to priority of satisfaction to the full extent of his claim for advances made, and liabilities incurred for the Deery Brothers, prior to 15th of October, 1856. This amount will be ascertained, by reference to the Master, and paid out of the fund resulting from the sale of the property.
No question is made as to the right of Judge McKinney to his claim, as decreed below; nor do we understand that the right of McGavock and wife, to satisfaction as ordered, is controverted.
A decree will be entered here, with the modifications indicated in this opinion, and the cause remanded.