McFarlaND, J.,
delivered the opinion of the court.
This bill was filed by part of the creditors of L. W. Vaughn, deceased, in behalf of themselves and all others to administer the estate in the Chancery Court at Memphis, under the provisions of the Code, sec. 2209 et seq.
Said L. W. Vaughn was a resident of Shelby county at the time of his death. He was a son and heir and distributee of H. B. Vaughn, who died in the year 1862, leaving real and personal estate in Sumner county, which remained undivided and undistributed at the beginning of the present proceedings.
The only question now before us arises upon the appeal of John A. Vaughn, one of the defendants. Said John A. is also a son of H. B. Vaughn, deceased, and adminisrator of bis estate. He sets up in his answer, a claim to a lien upon L. W. *555 Vaughn’s share of the real estate of H. B. Vaughn, deceased, superior to the claims of the other creditors. The answer says that previous to the death of L. V. Vaughn, he had. paid him some large amounts on the interest coming to him from his father’s estate, and on the 16th of March, 1867, took his receipt as follows: “Received, Gallatin, March 16, 1867, of John A. Vaughn administrator of the estate of BL B. Vaughn, twenty-five hundred and eighty one dollars and twenty-four cents the same to be deducted out of my interest as legatee in the said estate. If the said amount is not realized out of the personal effects of the estate, the same shall be a lien on real estate or my interest in the same. Signed, L. "W. Vaughn.” This was witnessed and registered in Sumner county shortly after the filing of this bill, to-wit: February 6, 1869. L. W. Vaughn died October, 1867. This bill was filed January 19, 1869.
The said John A. also relies upon a letter addressed to him by the said L. W., and dated shortly after the above receipt, to-wit: the 11th of May, 1869. The only material part of this letter is, that it requests .the said John A. to make advances and pay debts for him and promising that as soon as he returned from a trip he was then about to take, he would give him an instrument of writing conveying him his whole interest in the estate.
There is in the record an agreement of counsel, the substance of which is, that said John A. Vaughn should be allowed to set up his right to a prior lien on the land under these papers without the necessity *556 of a cross-bill. The Chancellor’s decree was against John A. Vaughn, upon this question, and he has appealed specially from this part of the decree, and in his behalf it is argued that he is entitled to a lien upon the land for any sum L. W. Vaughn’s share of the personalty may fall short of said sum of $2,581.24. - His share of the personalty is not proven as the estate of H. B. Vaughn has not yet been settled.
The Chancellor’s decree was rested upon the ground that the receipt was void for- uncertainty, under the statute of frauds.
It is argued that as the statute of frauds was not pleaded, the question does not arise. There are cases, where it has been held that a defendant admitting in his answer a contract for the sale of land, without relying upon the statute, the answer itself being a sufficient memorandum signed by the party to be charged, the contract might be executed, but if this were a case for the application of this doctrine, there is no such answer here, and, besides the agreement in the record, when fairly construed, was intended simply to present the question whether under the papers introduced by the defendants, he is entitled to the lien contended for.
If it were necessary to discuss the question, we think it might be satisfactorily shown, all other questions out of the way, that the description of the real estate supposed to have been mortgaged by this receipt is wholly insufficient. The words, “the same to be a lien on real estate or my interest in same, with *557 out more, can be hardly held to describe any particular estate. See upon this subject, 2 Sneed, 272; 2 Sneed, 174; 4 Col., 355. We have examined the other cases referred to by counsel, from the courts of other States, but we deem it unnecessary to discuss them, as the claim sought to be set up is subject to other still more fatal objections.
This receipt is certainly not a mortgage. It does not convey or purport to convey or mortgage the land, it does not possess any of the requisites of such a contract. Of what force are the words the “same” (meaning the money advanced) “to be a lien on real estate,” even conceeding that it sufficiently describes the real estate. This question is settled in the case of Gilliam v. Esselman, 5 Sneed, 86, where similar' words used in a note for the purchase money of land, were held to be nugatory and amount to nothing more than a mere declaration of intention. ‘'Under our law,” says Judge McKinney, in that case, “there can be no such thing as a parol or equitable lien or mortgage on real property. A valid lien or mortgage can only be created by an instrument proved and recorded as prescribed by the Registry Act of 1831.”
A note given for borrowed money, specifying on its face that it was to be a lien on real estate, can hardly be held a mortgage.
This receipt can be nothing more. Its registration adds nothing to its effect. It is not an instrument authorized to be registered. See Code, sec. 2030 / ■et sea.
*558 It is manifest that the letter referred to, is of no consequence. And further, this court has held in two unreported cases, that a mortgage registered after the filing of an insolvent bill gave the mortgagee'no priority over other creditors.
But upon the other grounds stated, we think there is no error in the decree of the Chancellor, and it will be affirmed with costs.