**In re TENNESSEE GAS TRANSPORT, INC., Debtor.**

**CC HOLDINGS (TENNESSEE), INC., Plaintiff,**

**v.**

**TENNESSEE GAS TRANSPORT, INC., Team Bank, Famco Services, Eugene DeBlasio, George and Norma Feinsod and Edd Poston, Trustee, Defendants.**

**Bankruptcy No. 292–02114.
Adv. No. 292–0398A.**

United States Bankruptcy Court,
M.D. Tennessee.

Aug. 10, 1994.

---

**644**

P. Michael Richardson, Trabue, Sturdivant & DeWitt, Nashville, TN, for CC Holdings (Tennessee), Inc.

Paul E. Jennings, Jennings, Lane & Ramer, Nashville, TN, for Liquidating Agent of the debtor.

T. Michael O'Mara, Cookeville, TN, for George Feinsod.

Darrell L. West, Nashville, TN, for Eugene DeBlasio.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

This matter came before the Court upon the plaintiff's Motion for Summary Judgment against defendants George and Norma Feinsod and Eugene DeBlasio. The issue before the court is the validity of the deeds of trust from the debtor to the Feinsods and DeBlasio. For the reasons set forth below, the court concludes that the Feinsod and DeBlasio deeds of trust lack sufficient descriptions of the property to be conveyed and thus were not effective to transfer interests in the debtor's property.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civil Proc. 56(c). The material facts in this case are primarily contained in the various deeds of trust on the debtor's property which are attached as exhibits to plaintiff's Complaint. Exhibit A to the Complaint is a deed of trust in favor of Tenntex, Inc., of record at Trust Deed Book 136, page 355, Register's office for Overton County, Tennessee. The parties do not dispute that FAMCO Services was the successor beneficiary of that deed of trust and that the property referred to therein has been surrendered to FAMCO Services in satisfaction of its lien.

Exhibit B is the deed of trust in favor of Eugene DeBlasio, of record at Trust Deed Book 153, page 426, Register's Office for Overton County, Tennessee. Exhibit C is the Deed of Trust in favor of George and Norma Feinsod of record at Trust Deed Book 153, page 449, Register's Office for Overton County, Tennessee. Both the DeBlasio and Feinsod deeds of trust recite that they were prepared by George Feinsod.

Exhibit D is the deed of trust in favor of the plaintiff, of record at Trust Deed Book 153, page 598, Register's Office for Overton County, Tennessee, and Trust Deed Book A319, page 213, Register's Office for Putnam County, Tennessee. Plaintiff also filed UCC financing statements and other documents relating to its transaction with the debtor in the appropriate state and county offices.

The Feinsod and DeBlasio deeds of trust are essentially verbatim copies of plaintiff's deed of trust except that the Feinsod and DeBlasio deeds of trust do not have attached the exhibits to which all three deeds of trust refer to describe the property of the debtor which is subject to those deeds of trust. No UCC financing statements were filed on behalf of either the Feinsods or DeBlasio.

▮ It is undisputed that plaintiff's deed of trust and relating financing documents are valid and enforceable and create valid and duly perfected security interests in the property described therein. The sole issue before the court at this time is the validity and enforceability of the Feinsod and DeBlasio deeds of trust which were recorded prior to plaintiff's deed of trust. Plaintiff asserts that those deeds of trust are legally ineffective because they fail to sufficiently describe the property to be transferred.

▮ Tennessee law requires that instruments conveying an interest in property include a description of the property. Tenn. Code Annot. § 66–5–103. To be valid, a deed "must designate the land intended to be conveyed with reasonable certainty." *Phoenix Mutual Life Insurance Co. v. Kingston Bank & Trust Co.,* 172 Tenn. 335, 112 S.W.2d 381, 382 (1938); *Freeman v. Martin Robowash,*

*Inc.*, 61 Tenn.App. 677, 457 S.W.2d 606, 609 (1970); *Sheffield v. Franklin*, 32 Tenn.App. 532, 222 S.W.2d 974, 978 (1947).[1] Several courts have held that "[t]he test is whether a surveyor with the deed before him and with or without the aid of extrinsic evidence can locate the land and establish the boundaries." *Wallace v. McPherson*, 187 Tenn. 333, 340, 214 S.W.2d 50 (1947); *Sheffield*, 222 S.W.2d at 979.

In determining when extrinsic evidence may be considered to locate the land, courts have adopted the following standard from *Dobson v. Litton*, 45 Tenn. 616 (1868):

Where an instrument is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible to show that the parties intended to designate a particular tract by the description.

*Id.* at 620; *Wilson v. Calhoun*, 157 Tenn. 667, 11 S.W.2d 906, 907 (1928); *Bates v. Dennis*, 30 Tenn.App. 94, 203 S.W.2d 928, 931 (1946). The *Wilson* court further noted that "[t]he rule appears to be that, when the description in the writing is so *definite* and *exclusive* as to afford means of positive identification, its location may be designated by extrinsic proof." *Wilson*, 11 S.W.2d at 907 (emphasis added). The court concluded that a description which identified the property as "the Redmond farm of 110 acres" and delineated the boundaries of the farm was sufficiently definite and exclusive to permit extrinsic evidence to supply the county and state where the farm was located. *Id.* at 908.

In contrast, the *Dobson* court held that a description of "a certain tract of land, containing nine acres and sixty-six poles, near the junction of Broad Street, Nashville, and the Hillsboro Turnpike, Davidson County, Tennessee" was too vague and uncertain to be enforced and that parol proof was not admissible to remedy the defect. 45 Tenn. at

618–19. The court noted that the description did not specify a particular tract of land and could apply to any tract in the vicinity containing the same number of acres, even if the grantor owned only one tract in the area. *Id.*

These standards were recently upheld in *In re Gatlinburg Motel Enterprises, Ltd.*, 119 B.R. 955 (Bankr.E.D.Tenn.1990). In that case, the property described in the deed of trust was "that certain leasehold interest in real property and leasehold improvements and other leasehold rights, title and interest (the 'Lease') as is more fully described in Exhibit 'A' attached hereto...." There was, however, no Exhibit "A" attached to the deed of trust. *Id.* at 959. After reviewing *Sheffield*, *Wilson*, and other Tennessee cases, the court held that the property description was insufficient because it contained no description whatsoever of any particular tract of land. *Id.* at 966. Quoting extensively from *Dobson*, the court further held that the grantee could not use extrinsic evidence (here, a prior deed of trust in favor of another entity) to supply the property description. *Id.* at 967.

In this case, the Feinsod and DeBlasio deeds of trust each contain the following property description:

1. All of Debtor's interest ... in and to all gathering systems, pipeline systems, processing plants, buildings and *other* improvements ... located on or in ... the lands covered by the properties described in subsections 2, 3 and 4 below or otherwise located in Overton and Putnam Counties, Tennessee (hereinafter collectively called the Gathering Systems), and all materials, equipment, fixtures and other property now or hereafter located on such lands or installed in ... the Gathering Systems ..., and all of Debtor's interest in all easements, servitudes, rights-of-way, surface leases, fee tracts and other surface rights ..., and all permits, licenses, orders, franchises, certificates, similar authorizations and related instruments and rights which are now or hereafter used ...

1. The parties do not dispute that the standards regarding the validity of conveyances are applicable equally to deeds of trust as to any other type of deed.

in connection with the ownership or operations of the Gathering Systems;

2. The easements, rights-of-way, surface leases, servitudes, fee tracts, permits and related instruments ... described in Exhibit B attached hereto ... or described in any instrument or document described in Exhibit B ... together with all other similar interests owned by Debtor and used in connection with the Gathering System[s] (but not including any right, title or interest in any oil and gas leasehold estate owned by Debtor);

3. Without limitation of the foregoing, all other right, title and interest of Debtor ... in and to the lands which are described in Exhibits A, A–1, and B hereto ...:

4. All of Debtor's interest in and rights under ... all presently existing and hereafter created gas purchase agreements, gas sales agreements, product sales agreements, processing agreements, exchange agreements, transportation agreements and other contracts and agreements which ... relate to the transportation and/or processing of gas through or in the Gathering Systems ... and all other contracts and agreements ... which ... relate to the properties described in subsections 1, 2 and 3 above or the Gathering Systems ...;

5. All permits, licenses, franchises, orders, certificates, similar authorizations, and other rights and privileges now held or hereafter obtained in connection with the Gathering System[s];

6. All of the rights, privileges, benefits, hereditaments and appurtenances in any way belonging, incidental or appertaining to any of the property described under 1 through 6 above; and[ ]

7. All of the proceeds and products of the property described under 1 through 7 above....

As in the *Gatlinburg Motel* case, the referenced Exhibits A, A–1 and B were not attached to the deeds of trust.

While the above property description lists various *types* of property interests (fixtures, easements, land, contracts, etc.), it contains

virtually no physical description of the lands involved, other than the two counties in which those lands are located. There is no mention of boundaries, natural or manmade landmarks, survey lines, or any other indicia which would lead a surveyor to any particular location within those counties. Further, as plaintiff noted in oral argument, the pipelines which comprise the Gathering Systems are buried in the ground and thus it would be impossible to determine the location of those pipelines simply by sight. Because the description fails to identify a particular tract of land, extrinsic evidence is not admissible to supply the location of the land in question. Thus, the description is insufficient under Tennessee law.

Defendants assert that the description is sufficient because it conveys all the debtor's interest in the property. *See Brummit v. Brown,* 159 Tenn. 612, 21 S.W.2d 626, 627 (1929) (deed describing property as "[a]ll my undivided interest in the estate of my father" together with father's name, county of residence and date of death, was not void for lack of property description); *McGavock v. Deery,* 41 Tenn. 265, 267–68 (1860) (deed purporting to convey all the grantors' interest in their deceased father's real estate held sufficient). The court disagrees. This is not a conveyance of all the debtor's property, but rather of all debtor's interest in Gathering Systems located on certain lands belonging to the debtor. The description specifically excludes certain of the debtor's interests (oil and gas leasehold interests) from the conveyance. The careful delineation in this case of specific types of real and personal property interests connected to certain tracts of land is clearly distinguishable from the very general conveyances of "all my father's property" in the cases cited by defendants.

■ If the property description is insufficient, the deed is void and transfers no interest in the grantor's property. *See Thurman v. Jenkins,* 61 Tenn. 426, 430–31 (1874); *Langley v. Vaughn,* 57 Tenn. 553, 556–57 (1873); *Dobson,* 45 Tenn. at 618–19; *McGavock,* 41 Tenn. at 267; *Sheffield,* 222 S.W.2d at 977; *Bates,* 203 S.W.2d at 322.[2] Thus, the

---

2. In apparent contrast to the majority of Tennessee cases, the *Gatlinburg Motel* court held that,

while the defective property description rendered the deed of trust unperfected as to third parties

Feinsod and DeBlasio deeds of trust are void, and created no liens on the debtor's real estate and other property interests[3] related to the Gathering Systems.

An appropriate order will be entered.

without notice, the deed of trust was still "binding and enforceable" between the parties to it. 119 B.R. at 963. This holding, based primarily on Statute of Frauds grounds, may have been influenced by the court's finding that the junior lien holders were not prejudiced because they had for years assumed the validity of the deed of trust in question, and acknowledged their subordinate lien position. *Id.* at 958, 963. In contrast, the plaintiff's later-recorded deed of trust in this case specifically recited that the property was unencumbered except for matters listed on an attached Exhibit, none of which included the Feinsod or DeBlasio deeds of trust. *See Exhibit D to Complaint* at p. 3 and Exhibit A thereto. In light of these factual distinctions, the court finds no reason to depart from the clear weight of Tennessee authority holding such conveyances invalid.

3. The personal property interests listed in the deeds of trust arise from and are defined in relation to the real property at issue. Thus, the failure of the deeds of trust to properly describe the real property renders the personal property descriptions insufficient as well. Pursuant to Tenn.Code Annot. § 47–9–203, therefore, the deeds of trust did not create enforceable security interests in the related personal property.