695 P.2d 1238

Connie OTTESEN, on Behalf of her minor child, Quentin "Skip" EDWARDS, Petitioner-Appellant,

v.

BOARD OF COMMISSIONERS OF MADISON COUNTY, Idaho; Doyle Walker, Dell Klingler and Wayne Beck, Board Members; and Nellis H. Garner, Clerk of said Board, Respondents.

No. 15234.

Supreme Court of Idaho.

Jan. 7, 1985.

Michael Howard Hinman, Idaho Legal Aid Services, Inc., Lewiston, and Christine Burdick, Idaho Legal Aid Services, Inc., Idaho Falls, for petitioner-appellant.

Brent J. Moss, and Val Dean Dalling, Jr., Rexburg, for respondents.

DONALDSON, Chief Justice.

The facts in this case are not in dispute. The appellant, Connie Ottesen, is a resident of Madison County, Idaho, and the natural parent and guardian of minor Quentin "Skip" Edwards. On May 18, 1981, after Quentin had experienced visual difficulties, appellant took him to Idaho Falls to see an eye specialist named Dr. Anderson. Dr. Anderson determined that the child was totally blind in the left eye and going blind in the right eye because of a large tumor that was potentially life threatening. He

**1100**

referred appellant to Dr. Roberts, a neurosurgeon in Salt Lake City, Utah. Dr. Roberts confirmed the presence of a tumor and performed brain surgery on the child on May 29, 1981. The child was in the hospital from May 29, 1981 to June 26, 1981, and incurred a total hospital bill of $20,667.61.

When appellant returned to Idaho in June, 1981, she immediately filed for Social Security Disability and medicaid assistance on behalf of her son. Apparently appellant assumed that such assistance would be granted. Then, in July, 1982, over a year later, the University of Utah Hospital informed appellant that medicaid would cover the June hospital bill but not the four days of hospitalization in May, 1981. This was because medicaid only pays from the month of application on. Since appellant applied for medicaid in June the hospital bill from May, 1981 was not paid.

On July 28, 1982, subsequent to the denial, appellant applied to Madison County for assistance in paying the May, 1981 hospitalization bill. That amount was $8,099.30. The appellant filled out an application form and then met with the Madison County Commissioners on August 9, 1982. After that meeting, the petitioner heard nothing further from the commissioners. When the petitioner was contacted by the University of Utah Hospital attorney concerning the bill, she sought assistance from Idaho Legal Aid. The attorney for Idaho Legal Aid contacted the Madison County Prosecuting Attorney in January of 1983. Then, in February of 1983, appellant received word from the prosecuting attorney that the county was denying assistance.

Appellant then sought a writ of mandate ordering the county to pay the medical bill for failing to act upon the application in a timely fashion. Alternatively, appellant appealed the Board of Commissioners' decision under the Idaho Administrative Procedures Act. The magistrate denied the writ on April 1, 1983. Appeal was taken to the district court where the appellant moved for summary judgment. The district court denied the writ of mandate because of petitioner's remedy under the Idaho Adminis-

trative Procedures Act, denied appellant's motion for summary judgment and affirmed the decision of the Madison County Commissioners. This appeal followed.

I.C. § 31–3505 provides:

"If the board of county commissioners fails to act upon an application within sixty (60) days from the receipt of said application, it shall notify the applicant in writing, or upon its failure to give notice within said time, the application shall be deemed approved, and the applicant entitled to payment as if said application had been approved.

"If the application is denied, the applicant may request a hearing before the board of county commissioners. The applicant shall be entitled to judicial review of the decision of the board, in substantially the manner provided in the administrative procedures act, chapter 52, title 67, Idaho Code."

The district court held and it is the county's contention that a prerequisite to the application of I.C. § 31–3505 is a timely filed application. I.C. § 31–3504 requires that in an emergency situation a person must file for benefits within 45 days of admission to the hospital or within 30 days of becoming medically indigent. The district court found and the county argues that the appellant's application was not timely and therefore she cannot claim the benefit of I.C. § 31–3505.

■ We disagree for the following reasons. First, "[t]his Court has consistently adhered to the primary cannon of statutory construction that where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *Worley Highway District v. Kootenai County*, 98 Idaho 925, 928, 576 P.2d 206, 209 (1978). I.C. § 31–3505 plainly requires action by the County within 60 days from receipt of "an application" for county assistance. The statute does not require the filing of a "timely" application.

■ The statute, however, does require that the rejection be in writing and

the reason for denial should be set forth since the statute further provides that the applicant may request a hearing. For it to have any meaning the applicant must know the basis for the denial so that he can attempt to meet the objections. Second, the medical indigency statutes impose strict time requirements for filing applications and are strictly enforced. *Braun v. Ada County*, 102 Idaho 901, 905 n. 5, 643 P.2d 1071, 1075 n. 5 (1982). Thus, it is only fair that the County's obligations be likewise enforced. We therefore hold that a timely application for county assistance is not a prerequisite to the operation of I.C. § 31–3505. All that is necessary is the filing of "an application."

■ Appellant filed a claim on July 28, 1982 and met with the Madison County Commissioners on August 9, 1982. Appellant did not hear from the Commissioners until her attorney contacted them five months later. She did not receive a written response until February, 1983. Thus, under I.C. § 31–3505 appellant's application is "deemed approved."

Accordingly, we reverse the district court's decision denying appellant's motion for summary judgment and affirming the County Commissioners' decision. We hold that appellant is entitled to summary judgment as a matter of law. The case is remanded for the district court to enter judgment consistent with the views expressed herein.

Costs to appellant.

No attorney fees on appeal.

HUNTLEY, J., and OLIVER, J., pro tem., concur.

BAKES, J., concurs in result.

SHEPARD, Justice, dissenting.

The majority opinion reverses a district court and county commissioners decision made on the *merits* of the claim without discussing the merits of the claim. The reversal is based solely on the delay by the county commissioners in rejecting the claim. The majority equates the delay in action by the county commissioners to a delay by claimant in making the claim. Therein I disagree.

There may be sound policy reasons for requiring a claim to be made within a given time period. Information regarding the validity of a claim, particularly the medical indigency status, may be made difficult, if not impossible, by the passage of time. In the instant case there is no indication that the claimant's position had changed or been prejudiced because of the delay by the county commissioners. Presumably, the information had already been gathered and presented, and, presumably because of medical indigency, no bills had been paid by claimant. Hence, I see no resulting prejudice to claimant. Here we deal with public moneys which should only be expended after it has been ascertained that a claim is meritorious.