695 P.2d 383

**ST. LUKE'S REGIONAL MEDICAL CENTER, LTD., Plaintiff-Appellant,**

**v.**

**GEM COUNTY, Idaho, and Its Board of County Commissioners, Defendants-Respondents.**

**No. 15259.**

Supreme Court of Idaho.

Jan. 30, 1985.

Glenna Mae Christensen, and Phillip Stephen Oberrecht, Boise, for plaintiff-appellant.

E.C. Rood, Emmett, for defendants-respondents.

HUNTLEY, Justice.

We are asked by this appeal to decide whether pursuant to I.C. § 31–3505 a medical indigency application submitted to a board of county commissioners, and neither approved nor denied in writing by the commissioners within sixty (60) days, is automatically approved. I.C. § 31–3505 provides:

> If the board of county commissioners fails to act upon an application within sixty (60) days from the receipt of said application, it shall notify the applicant in writing, or upon its failure to give notice within said time, the application shall be deemed approved, and the applicant entitled to payment as if said application had been approved.
>
> If the application is denied, the applicant may request a hearing before the board of county commissioners. The applicant shall be entitled to judicial review of the decision of the board, in substantially the manner provided in the administrative procedures act, chapter 52, title 67, Idaho Code.

Ernest and Dayna Woody applied to Gem County on July 12, 1982, for medical indigency assistance after Mrs. Woody's stay at St. Luke's Hospital. The Woody's had received no written or oral notice from the County Commissioners concerning their ap-plication by November 2, 1982, when St. Luke's Hospital filed a request for hearing with the Board, reciting that the failure of the Commissioners to notify Woodys within sixty (60) days indicated the application had been deemed approved. After the hearing the Board denied the application on the grounds that, among other reasons, St. Luke's had not timely filed its request, and that Ada County, not Gem County, was the obligated county. The Commissioners made no finding as to its failure to provide written notice pursuant to I.C. § 31–3505. St. Luke's filed an objection to the Commissioners' order and then appealed to the district court. The district court affirmed the County Commissioners' decision, stating that Gem County was not the obligated county. While acknowledging the failure by the Commissioners to follow I.C. § 31–3505, the district court stated that the substantive issue of whether Gem County was obligated or not outweighed the procedural breach by the Commissioners, erroneously holding that Ada County was the county where the claim should have been filed.[1]

We recently announced in *Ottesen v. Board of County Commissioners of Madison County*, 107 Idaho 1099, 695 P.2d 1238 (1985) that I.C. § 31–3505 plainly requires action by a county within sixty (60) days of receipt of an application for assistance. "[T]he medical indigency statutes impose strict time requirements for filing applications and are strictly enforced. It is only fair that the county's obligations be likewise enforced." *Ottesen, supra* at 1101, 695 P.2d at 1240. Accordingly, we reverse the district court's decision and hold that St. Luke's Hospital is entitled to payment from Gem County.

Costs to appellant.

No attorney's fees on appeal.

DONALDSON, C.J., and BAKES and BISTLINE, JJ., concur.

---

1. The contention of Gem County and the ruling of the district court that Ada County was the responsible county by virtue of the fact that Mr. and Mrs. Woody had moved to Ada County approximately six weeks prior to the hospital-ization is disposed of by our ruling in *Intermountain Health Care v. Board of Commissioners of Madison County*, 1984 Slip Opinion No. 14904, — Idaho —, — P.2d ——.

SHEPARD, Justice, dissenting.

I dissent. *See Ottesen v. Board of County Commissioners of Madison County,* 107 Idaho 1099, 695 P.2d 1238 (1985).