729 P.2d 1086

**UNIVERSITY OF UTAH HOSPITAL**
**and Brenda Hoopes,**
**Petitioners-Appellants,**

v.

**ADA COUNTY; Ada County Board of County Commissioners and Clerk of Ada County, Respondents.**

No. 15967.

Court of Appeals of Idaho.

Dec. 1, 1986.

Rehearing Denied Jan. 21, 1987.

Dean Williams, Blackfoot, for petitioners-appellants.

Greg H. Bower, Ada County Pros. Atty., Susan D. McColl (argued), Deputy Pros. Atty., Boise, for respondents.

WALTERS, Chief Judge.

Brenda Hoopes, an indigent person, applied to Ada County for assistance in paying for emergency medical bills. When the county failed to respond to the application and to a subsequently filed complaint, Hoopes obtained a default judgment against the county requiring it to pay the bills. Later, however, on motion of the county, the district court set aside the default judgment and ordered that the complaint be treated as a petition for judicial review under the Administrative Procedures Act (APA). Hoopes appeals, contending that (1) the court erred in setting aside the default judgment; and (2) the court erred in ordering that the complaint be treated as a petition for judicial review. We vacate the district court order setting aside the judgment and remand for additional proceedings.

The record reveals the following uncontested facts. Hoopes, a resident of Boise, was on a trip to Salt Lake City, Utah, on April 14, 1983. She was afflicted suddenly with a bowel obstruction and required emergency medical treatment at the University Medical Center. On April 28, Ada County Community Services received a "Notice of Admission of Medically Indigent Person" from the hospital. This one-page form identified Hoopes as being indigent, named her physician, and stated the reasons for her admission to the hospital on April 14. Accompanying this form was a letter from the hospital's attorney indicating Ms. Hoopes' lack of medical insurance coverage and stating that an application for county aid would be forwarded in a few days.

On April 28, the county received another letter from the hospital's attorney again indicating a lack of insurance coverage and

requesting an Ada County application form, if required. On May 2, the county sent two application forms to the hospital's attorney. On May 27, the county received an "Application for Medical Indigency." This form identified Hoopes as an indigent patient, indicated her lack of any assets or resources for payment of the medical bills, and stated that her medical costs were $20,000.52. This form, however, was not the Ada County form which had been sent to the attorney.

On June 24, the county received the completed Ada County forms. On July 13, the county interviewed Hoopes. On August 8, the county commissioners met and approved Hoopes' application in part and denied the balance. However, no notice of the commissioners' decision was sent to Hoopes or the hospital attorney.

On August 15, the county received a letter from the hospital's attorney indicating that because no response from the county had been received, the application was deemed approved. The letter requested payment from the county for the bills. The county responded by sending to the hospital's attorney copies of the commissioners' August 8th findings. The county also included a letter stating that the county had received the application from Hoopes on June 24, and that the county had acted on the application on the forty-sixth day after receipt of the application. The county's letter admitted that no notice of the commissioners' decision had been sent to the attorney, but that the notice mailed on August 15 met the sixty-day notice requirement imposed on the county by statute.

Hoopes took a contrary position. She believed the county had not acted on the application within sixty days. These contradictory positions resulted because Hoopes considered the May 27th application as being the proper application, while the county considered the June 24th application (on the Ada County form) as being the proper application. Because the county refused to pay the medical bills, Hoopes filed a complaint with the district court.

When the county failed to answer the complaint, Hoopes moved for and received a default judgment against the county. However, the county was successful in getting the default judgment set aside.

In setting aside the judgment, the district court held that the denial of a medical indigency application was subject to judicial review under the APA. The court did not dismiss the complaint, but rather ordered that it be treated as a petition for judicial review and directed the county to provide a copy of the administrative record. As a result, Hoopes appealed the district court's order setting aside the default judgment, as well as the court's directive that the claim be considered under the APA.

■ There are several statutes pertinent to this case. I.C. § 31–3404 requires that an applicant for indigent medical assistance file an application prior to receiving such aid. However, I.C. § 31–3504 allows an applicant, in an emergency situation, to file an application within forty-five days following admission to the hospital or within thirty days of becoming medically indigent. Under I.C. § 31–3505, the county has sixty days from the receipt of the application to act on it. If the county fails to notify the applicant in writing of its decision within that period, the application is automatically deemed approved. These time requirements are strictly enforced, both upon the applicant and upon the county. *Ottesen v. Board of Commissioners of Madison County,* 107 Idaho 1099, 695 P.2d 1238 (1985); *St. Benedict's Hospital v. County of Twin Falls,* 107 Idaho 143, 686 P.2d 88 (Ct.App.1984). If the application is denied, the applicant is entitled to a hearing before the board of county commissioners. An unsuccessful applicant is also entitled to judicial review of the commissioners' decision under provisions substantially similar to those in the APA. I.C. § 31–3505.

■ The county contends that it did act on the application within the sixty-day time limit. That assertion would be correct if the Ada County forms received on June 24 were viewed as the only acceptable application, and the form submitted on May 27

was somehow inoperative. However, we find the county's position to be extreme and in conflict with established case law.

In *Carpenter v. Twin Falls County*, 107 Idaho 575, 691 P.2d 1190 (1984), the Idaho Supreme Court held that a failure to technically comply with I.C. § 31–3404 (requiring that the indigent person submit an application) did not mandate a denial of the application. As *Carpenter* indicates, in emergency cases the applicant is obligated to apply only for a determination of his status as an indigent. A determination of the validity of any monetary claims occurs later. *Id.* at 578, 691 P.2d at 1193. Underlying the Court's position in *Carpenter* is the concept that requiring technical compliance would be inconsistent with the legislative intent of the medical indigency statutes, *i.e.*, to provide indigents with medical care and to permit hospitals to obtain compensation for such care. *Id.* at 582, 691 P.2d at 1197. In *Carpenter*, the county asserted that an application was ineffective because it was not signed or notarized. The Supreme Court held that the application was sufficient to initiate the claim procedure. Here, the problem, as contended by the county, is that the application was not on the correct form. Consistent with *Carpenter*, we conclude that the application was sufficient to initiate the claim procedure.

The application form submitted on May 27 indicated that Hoopes was an indigent with no known assets, and that she had no other sources to look to for payment of her medical bills. The application had been signed by someone on behalf of Hoopes and had been notarized. I.C. § 31–3504 indicates that the county be notified as soon as practical of a patient's indigency. The application submitted on May 27 appears to meet that requirement.

The county now asserts that it has met its duty to notify the applicant based on the county's "technical" interpretation of what it contends is the only acceptable "form". However, Hoopes' May 27 application initiated the claim procedure. Unlike I.C. § 31–3404, section 31–3504 does not require an application to be "on a standard form provided by the board of county commissioners." The county had sixty days to act on the May 27 application and to notify the applicant in writing of its decision. The county did not do so. Therefore, the application was deemed approved. To hold otherwise would violate not only the spirit of the medical indigency legislation, but the applicable statutes and the case law which has been developed as well.

■ Because the application was deemed approved, the hospital was not aggrieved. Therefore, the hospital had no reason to seek judicial review, under the APA, of the county's decision. I.C. § 31–3505. Thus, the hospital was entitled to file a complaint on the approved application. *St. Benedict's Hospital, supra* at 147, 686 P.2d at 92. When the county failed to respond to the complaint, the hospital was entitled to a default judgment. I.R.C.P. 55(b)(1). That judgment was not based on any agency decision denying the application. Accordingly, there was no agency decision subject to judicial review under the APA. Thus, the district court erred in setting aside the default judgment and ordering judicial review of the complaint under provisions of the APA.

The order setting aside the default of the respondents is vacated. Case remanded. Judgment shall be entered by the district court for the amount to which the appellant hospital is legally entitled under I.C. § 31–3508.

Costs to appellants. No attorney fees.

BURNETT and SWANSTROM, JJ., concur.