745 P.2d 1068

UNIVERSITY OF UTAH HOSPITAL, Plaintiff–Appellant,

v.

TWIN FALLS COUNTY, Twin Falls County Board of Commissioners, Twin Falls County Clerk, Defendants–Respondents,

and

Ralph Wheeler and Laura B. Wheeler, husband and wife, Defendants.

No. 16792.

Court of Appeals of Idaho.

Oct. 20, 1987.

Rehearing Denied Dec. 14, 1987.

Petition for Review Denied Feb. 10, 1988.

See also, App., 113 Idaho 441, 745 P.2d 1062.

Dean Williams, Blackfoot, for plaintiff-appellant.

Rockne K. Lammers, Twin Falls, for defendants-respondents.

SWANSTROM, Judge.

The University of Utah Hospital applied to Twin Falls County for recovery of costs for the treatment of a medically indigent person. The county denied the hospital's application. The hospital later brought suit in district court seeking judgment against the county. On motion of the county for summary judgment, the district judge dismissed the suit as procedurally improper. The hospital has appealed. We are asked to determine whether the hospital's application should have been deemed approved as a matter of law. For reasons explained below, we affirm.

On May 7, 1983, Laura Wheeler, a resident of Twin Falls County, received emergency care and treatment at the University of Utah Hospital for a fractured pelvis. On May 18, 1983, Twin Falls County received from the hospital a "Notice of Admission of Medically Indigent Person." Accompanying this notice was an application for indigency aid filled out by Ralph Wheeler, Laura's spouse. The application was not on a form acceptable to the county. The county did not investigate the merits of the application. By letter dated July 15, 1983, the county denied the application. A copy of this notice of denial was received by the Wheelers on July 18. The hospital received a copy on July 19. The hospital's copy is largely illegible. However, a check mark in the box indicating "denied" is leg-

ible on the hospital's copy. The Wheelers' copy is legible. The reasons listed for denial are that no indigency exists, that the application was incomplete, and that the application was on the "wrong form." The hospital requested a hearing before the county commissioners.

The hearing was convened on October 20, 1983. The county clerk was the first witness. He testified that the application was not valid because it was on the wrong form. He insisted, therefore, that the county was under no obligation to investigate the application. The clerk would not say how the application differed from one filled out on a proper county form. The second witness was the county welfare investigator. She confirmed that no investigation had been conducted. She said she had reviewed the application and recommended that it should be denied. She determined that the Wheelers were not medically indigent because their application showed that they were making $100 monthly payments to Magic Valley Regional Medical Center. This witness also recommended denial because the wrong form had been submitted. She testified that the Wheelers were never contacted to verify their financial status or to fill out a proper form. She further testified that the illegible notice offered in evidence by the hospital was not the copy which had been mailed by Twin Falls County.

The record of the hearing indicates that, following the welfare investigator's testimony, the hospital sought a continuance so Laura Wheeler could be located to give testimony. The record ends without indicating either that a continuance was granted or that the hearing was concluded. The hospital's counsel provides an affidavit attesting that a recess was granted to allow him to locate Laura Wheeler. When she was located and brought to the courthouse within an hour, she was not permitted to testify. According to the affidavit, the commissioners would not allow the hearing to proceed. Counsel then made an offer of proof as to Laura Wheeler's testimony.

On December 21, 1983, the commissioners' findings and conclusions denying the application were received by counsel for the hospital. By this time, a divergence of thought on law and procedure had occurred between the hospital's counsel and the county. The hospital's counsel believed that the application was deemed approved because no investigation had taken place and the notice of denial was neither definitive nor timely. The county believed that the application was denied and that the hospital had thirty days to petition for judicial review. In September, 1984, the hospital commenced this action against the county for judgment on the application. Both sides moved for summary judgment based upon their respective views of the case. The district judge decided to treat the hospital's complaint as a petition for review of an administrative agency's decision. The court dismissed the action as untimely, precipitating this appeal.

The hospital contends that its application must be deemed approved due to the county's untimely notice of denial, failure to investigate, failure to give reasons for denial, and failure to provide a fair hearing. The dispositive issue is whether the county provided timely notice of denial.

The hospital maintains that the county's notice of denial was untimely because it was not received until sixty-two days following the county's receipt of the application. The notice was mailed fifty-eight days following receipt of the application. Under I.C. § 31–3505, the county has sixty days from the receipt of the application to act on it. If the county fails to notify the applicant in writing of its decision within that period, the application is automatically deemed approved. This time requirement is strictly enforced upon the county. *Ottesen v. Board of Commissioners of Madison County*, 107 Idaho 1099, 695 P.2d 1238 (1985); *University of Utah Hospital v. Ada County*, 111 Idaho 1023, 729 P.2d 1086 (Ct.App.1986); *St. Benedict's Hospital v. County of Twin Falls*, 107 Idaho 143, 686 P.2d 88 (Ct.App.1984). However, it appears that the issue of timeliness has never arisen where, as here, the notice of denial was mailed within the sixty-day period but was not received until after that period had expired. Consequently, we

must decide whether I.C. § 31–3505 requires receipt of notice within the time period or whether mailing within that period will satisfy the statute's strict time requirements.

The relevant part of I.C. § 31–3505 states: "If the board of county commissioners fails to act upon an application within sixty (60) days from the receipt of said application ... or upon its failure to give notice within said time, the application shall be deemed approved." Although the statute as a whole is not a model of clarity, the time limits are clear. The county must *give* written notice within sixty days. The statute does not further require definite limitations such as filing or receipt within sixty days. The requirement of written notice presumably contemplates that the notice could be mailed. Absent any indications to the contrary, a duty to respond by mail is completed at the time of mailing. *See e.g.,* I.R.C.P. 5(b) (service by mail is complete upon mailing); I.R.C.P. 6(e)(1) (three days are allowed as additional time to prescribed periods when service is by mail). We think a similar approach should be taken here. Typically, the county would be considering the merits of the application during the sixty-day period. This activity may be quite time consuming. In order to assure that notice was received within the time period, the county would have to divine with some precision the final date on which the notice could be mailed. This, coupled with the uncertainty of exact mail service, is an unreasonable expectation. We hold that the mailing of notice within the sixty-day period satisfies the time requirement for *giving* notice under I.C. § 31–3505. One way a county may show its compliance with the requirement is to mail the notice with certified or registered receipts.

We conclude that the hospital's application may not be deemed approved. Thus, the hospital could not maintain an action for judgment on an "approved" application as was done in *University of Utah Hospital v. Ada County, supra.* The hospital was not without remedy. When the county commissioners' findings and conclusions denying the application were received, the hospital was an "aggrieved party" and should have sought judicial review under I.C. § 67–5215. The hospital's failure to timely seek judicial review prevents our further examination of its contentions. We recognize that the hospital's "hearing" before the county commissioners, if indeed it is deserving of that title, has some defects. However, this issue was not properly preserved for our review. Likewise, we do not address the other contentions raised by the hospital.

The district court's judgment dismissing the action is affirmed. Costs to respondent, Twin Falls County. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.