14 P.3d 1069

STATE of Idaho, by and through Alan
G. LANCE, Attorney General,
Plaintiff–Respondent,

v.

Susan COOK, Defendants–Appellants,

and

John Bradbury, Defendant.

No. 25126.

Supreme Court of Idaho.
Moscow, April 2000 Term.

Nov. 30, 2000.

John H. Bradbury, Lewiston, argued for
appellants.

Hon. Alan G. Lance, Attorney General;
Matthew J. McKeown, Deputy Attorney Gen-
eral, Boise, for respondent. Matthew J.
McKeown argued.

WALTERS, Justice.

This case concerns the statutory requirements for disclosure of financial support in a state election campaign. The statute in question, I.C. § 67–6607(c), is one of the provisions of the Act commonly known as the Idaho Sunshine Law. Section 67–6607(c) requires a political treasurer to submit a written report to the Secretary of State of "any contribution of one thousand dollars ($1,000) or more, received by the political treasurer after the sixteenth day before, but more than forty-eight (48) hours before, any primary or general election." The report, which must be made within forty-eight hours after receipt of the contribution, shall include the name of the candidate, the identification of the contributor, the date of receipt and the amount of the contribution. A related statute, I.C. § 67–6625, provides that failure to properly make the report may give rise to a civil fine or criminal prosecution in an action instituted by the Attorney General or by a local prosecuting attorney.

In the present case, a magistrate held that Susan Cook, a political treasurer, had violated section 67–6607(c), and the magistrate entered judgment in favor of the State for $100 as a civil penalty against both Cook and the candidate, John Bradbury. We reverse the judgment.

## FACTUAL BACKGROUND

The State, through the Attorney General, brought this action in the magistrate's division of the district court to recover a civil penalty under I.C. § 67–6625(a). The case was submitted to the magistrate upon motions by all parties for summary judgment. The following facts that appear in the record are undisputed.

John Bradbury was a candidate for election to the Idaho House of Representatives in November 1996. Bradbury named Susan Cook, a bank trust officer, as the treasurer of his campaign. Pursuant to the Idaho Sunshine Law, I.C. §§ 67–6601 through 67–6628,[1] the treasurer had a duty to prepare and submit a number of financial disclosure reports to the Secretary of State within specified time frames related to the date of the election. November 5 was the general election day in 1996.

During Bradbury's campaign, the Chairman of the Idaho State Democratic Party notified Bradbury by letter dated October 22, 1996, of an "in-kind contribution" of $2,860.92 the Party had provided in the form of preparation and mailing of a brochure in support of Bradbury's candidacy. This letter recited in relevant part:

I wanted to share information with you on the amount of the in-kind contribution that the Idaho State Democratic Party provided to your campaign during the most recent reporting period for your Sunshine report which is due on October 29, 1996. *As you know the period covered is from October 1, 1996 to October 20, 1996 and you received $2860.92 from the State Party as an in-kind contribution.* Any further amounts for the next reporting period will be sent to you before the deadline. (Emphasis supplied.)

When Bradbury received the letter from the Party he did not open the envelope immediately but assumed it was a bill which he could deliver later to Cook to be paid. After he subsequently opened the envelope and discovered the content was a letter advising him of the value of an in-kind contribution instead of a bill, he delivered the letter to Cook on October 30, 1996, so she could report it. The Party's expenditure revealed in the letter was first reported by Cook in the disclosure report required by I.C. § 67–6607(a)(6) for the period from the fifteenth day before the general election on November

---

1. The Sunshine Law came into existence through an initiative, Initiative Measure 1974, No. 1, adopted by the voters at a general election in 1974. The Sunshine Law subsequently has been amended a number of times by the legislature. Section 67–6607(c) is one such amendment. It was enacted by the legislature in 1990 and therefore was not one of the original sections adopted by the voters in the initiative process. *See* 1990

Idaho Sess. Laws, ch. 62, § 2, p. 137–38 (House Bill 566). The Statement of Purpose accompanying this amendment states that it "adds a new section to the 'Sunshine Law' which will require immediate disclosure of large last-minute contributions which are not currently disclosed until after the election." Statement of Purpose to House Bill 566, enacted as section 67–6607(c), 1990 Idaho Sess. Laws, ch. 62, p. 137.

5, 1996, to and including the tenth day after the general election.[2] The date of the Party's in-kind contribution was listed in Cook's report as having been made between October 20 and October 30 of 1996. There is no claim that Bradbury or Cook otherwise received from the Democratic Party any money, brochures or property besides the letter of October 22.

In January of 1997, the Secretary of State's office notified Bradbury that a penalty might be assessed for Cook's failure to report the in-kind contribution from the Democratic Party within forty-eight hours of receiving it. The matter was subsequently referred to the Attorney General who, through a deputy, contacted Bradbury to advise that I.C. § 67–6607 had not been complied with and, on account of the violation, a civil penalty of $250 or a misdemeanor conviction punishable by not more than six months in jail could be imposed pursuant to I.C. § 67–6625. The Deputy Attorney General offered to settle the matter for a civil penalty of $100, as provided by I.C. § 67–6625(a), because there was no evidence of the intent required to prove a criminal offense under I.C. § 67–6625(b). Bradbury refused the State's offer, contending that the forty-eight-hour reporting rule of I.C. § 67–6607(c) did not apply to in-kind contributions where no cash had been "received by the treasurer" and the funds had gone directly from the contributor to pay for goods or services on behalf of the candidate.

## PROCEDURAL HISTORY

In May of 1997, the Attorney General brought suit against Bradbury and Cook, alleging that they had violated I.C. § 67–6607(c) by improperly reporting the amount paid by the Idaho State Democratic Party for the cost of preparation and direct mailing of the brochure in support of Bradbury's election. Bradbury and Cook answered, denying that they had failed to perform an act required by I.C. § 67–6607(c) and asserting that I.C. § 67–6607(c) applied only to cash contributions of one thousand dollars or more received by the treasurer of the campaign and not to in-kind contributions. Both parties moved for summary judgment.

At the hearing on the motions, the magistrate determined that the facts were not in dispute. The magistrate rejected the defendants' literal reading of I.C. § 67–6607(c), which they urged required only cash[3] contributions of one thousand dollars or more received by the treasurer to be reported within forty-eight hours. The magistrate concluded that the efforts of the Democratic Party on behalf of Bradbury amounted to a contribution to Bradbury's campaign, which should have been disclosed within forty-eight hours after receipt of notification of the contribution. Thereafter, the magistrate entered an order awarding summary judgment against Bradbury and Cook with respect to I.C. § 67–6607(c) and imposed a civil fine in the sum of $100.

As an additional claim for summary judgment, Bradbury also argued that because section 67–6607 imposed the reporting requirement only upon political treasurers and not upon candidates, Bradbury had no duty to comply with the statute, and therefore, judgment should be granted in his favor in this action. The magistrate rejected Bradbury's assertion, however, because Bradbury had not filed a motion to be dismissed from the action.

Finally, the magistrate denied the State's request for an award of attorney fees under I.C. § 12–121 because the court was unable

---

2. I.C. § 67–6607(a)(6) requires the political treasurer to file with the Secretary of State

> Not more than thirty (30) days after the date of a general election in which the candidate or political committee is involved, a statement of all contributions received and all expenditures or encumbrances made by or on behalf of the candidate or political committee to cover the period since the fifteenth day before the general election to and including the tenth day after the general election.

3. During the proceedings on this appeal, Bradbury has not pursued his assertion that the statute applied only to cash contributions and not to in-kind contributions. Bradbury's change of position seems well taken. See the final sentence in I.C. § 67–6602(c): "For the purposes of this act, contributions, other than money or its equivalents shall be deemed to have a money value equivalent to the fair market value of the contribution."

to find that the defendants had defended the case frivolously, unreasonably or without foundation. Bradbury and Cook appealed, and a district judge affirmed the magistrate's decision. Bradbury and Cook then brought this appeal from the district court.

## ISSUES

In the briefing submitted to this Court, the parties addressed the following issues: (1) Did the in-kind contribution from the Idaho State Democratic Party constitute a "contribution" of the type required by I.C. § 67–6607(c) to be reported within forty-eight hours of receipt of the contribution or notice of the contribution? (2) Did the magistrate err by not dismissing Bradbury from the action? (3) Is any party entitled to an award of attorney fees on appeal? Subsequent consideration of these issues, however, was altered in two respects during the oral argument presented by the parties in open court in this case. First, issue number two was rendered moot when the parties stipulated to dismissal of Bradbury as a party to the action. Second, issue number three was resolved when: (a) Mr. Bradbury on behalf of the appellants conceded that under established precedent he was not entitled to claim attorney fees on his own behalf either as an attorney[4] or as an individual because he was acting as a pro se party; (b) Bradbury further advised the Court that he had no fee arrangement with Susan Cook to charge her for his services in this case and that he did not intend to charge any fee for representing Susan Cook on this appeal; and (c) with respect to the State's claim for an award of fees, counsel for the State acknowledged that the State's brief failed to assert any rule or statutory basis for such an award.

## STANDARDS OF REVIEW

■ Several standards of review are applicable to this case in the posture the case has been presented. First, because this appeal arises from the summary judgment granted by the magistrate, we acknowledge at the outset that summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Where the opposing parties both have moved for summary judgment on the same evidentiary facts and on the same theories and issues, the parties effectively have stipulated that there is no genuine issue of material fact. *Anderson v. Farm Bureau Mutual Ins. Co.*, 112 Idaho 461, 732 P.2d 699 (Ct.App.1987). If the evidence reveals no disputed issues of material fact, what remains is a question of law over which this Court exercises free review. *Friel v. Boise City Housing Authority*, 126 Idaho 484, 887 P.2d 29 (1994).

■ Next, we also acknowledge that this appeal follows a decision by the district court serving as an appellate court on review of the magistrate's grant of summary judgment. On appeal from an order of the district court reviewing a determination made by a magistrate, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983).

■ Finally, the application of a statute is a question of law for free review by the Supreme Court and the Court is not bound by the legal conclusions drawn by the trial court in that regard from the facts presented. *See Corporation of the Presiding Bishop v. Ada County*, 123 Idaho 410, 415, 849 P.2d 83, 88 (1993).

## DISCUSSION

■ There is no factual dispute that the Democratic Party prepared and distributed a brochure at its expense and sent the brochures directly to voters on Bradbury's behalf. There is no dispute that the Party notified Bradbury of its expenditure for the brochures and mailing. Moreover, there is no dispute that the contribution was made sometime between October 1 and October 20, and it does not appear that the parties disagree that the contribution was an accomplished fact by October 20, regardless of

---

**4.** Bradbury is a licensed attorney and active member of the Idaho Bar.

when notice of the contribution was given to Bradbury. The question for review is whether the Democratic Party's expenditure was a contribution that had to be reported within forty-eight hours within the terms of I.C. § 67–6607(c).

Section 67–6607(c), requires a candidate's political treasurer to submit a written report to the Secretary of State of "any contribution of one thousand dollars ($1,000) or more, received by the political treasurer *after the sixteenth day before,* but more than forty-eight (48) hours before, any primary or general election." (Emphasis supplied.) It appears beyond dispute that the purpose of this statute is to require the disclosure of last-minute infusions of financial and in-kind support into political campaigns. Furthermore, the parameters of the time when those infusions occur which must be reported under this section of the statute has been set by the legislature as a discrete period. It is a time-frame falling within a period commencing sixteen days prior to the election and ending two days (forty-eight hours) before the election date. When the statute refers to a time "after the sixteenth day before" the election day, it must be referring to those days following the sixteenth day, i.e., the fifteenth day, the fourteenth day, the thirteenth day, etc., *before* the election day.

The election day in the year 1996 was on November 5. The date sixteen days prior to November 5 would be October 21, 1996. October 20 would therefore appear to be the seventeenth day before the election date. Since the Democratic party's letter indicates that the contribution-in-kind occurred no later than October 20, which is the seventeenth day before the election, any contribution made sometime between October 1 (the thirty-sixth day before the election) and October 20 (the seventeenth day before the election) does not fall within subsection (c) of I.C. § 67–6607.

## CONCLUSION

█ We conclude that I.C. § 67–6607(c) does not apply to contributions made on a candidate's behalf when the contribution occurs more than sixteen days before a primary or general election. This statute ap-

plies only to contributions made during a period commencing sixteen days prior to the election date and ending forty-eight hours preceding the election date.

The judgment of the magistrate ordering the payment of a civil penalty in this case is therefore reversed. The case is remanded to the district court with directions to enter judgment in favor of the defendants, dismissing the action.

No attorney fees are allowed on appeal; costs are awarded to the appellants.

Justices SILAK, SCHROEDER and MICHAUD, pro tem, concur.

Justice KIDWELL, dissenting.

I am concerned that the majority opinion disregards the issue raised by the parties, and instead, decides the matter on procedural grounds rather than on the merits of the case.

The majority opinion holds that the contribution did not need to be reported because it was purportedly made prior to the 15–day reporting period. In reaching this decision, I believe the majority is sidestepping the larger issue properly raised by the parties.

The sole issue on appeal was whether the payments made on Bradbury's behalf by the Idaho State Democratic Party constituted a "contribution" under Idaho's sunshine reporting laws.

The relevant Idaho Code provision defines "contribution" as "any advance, conveyance, forgiveness of indebtedness, deposit, distribution, loan, payment, gift, pledge, subscription or transfer of money or anything of value ... in support of or in opposition to any candidate, political committee or measure." I.C. § 67–6602(c).

Clearly this would include the contribution in the present case. "[W]here the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *Ottesen v. Board of Comm'rs of Madison County,* 107 Idaho 1099, 1100, 695 P.2d 1238, 1239 (1985).

The majority's resolution of the matter does potential harm to Idaho's political reporting laws by not addressing the issue head on. I believe that the $2,860.92 worth of brochures was a contribution within the clear and unambiguous definition provided by the statute. Therefore, I would affirm the lower court's analysis.