(March 23, 1918.)

## LEMUEL WATKINS, Respondent, v. THOMAS LORD, Appellant.

[171 Pac. 1133.]

CRIMINAL CONVERSATION — PLEADING — PROOF — WITNESSES—HUSBAND
AND WIFE—PRIVILEGE.

1. A cause of action for criminal conversation may be alleged by a *continuando*.

2. Proof thereunder may be given of the wrongful act in issue, committed on any date within the time stated in the pleading, and within the statute of limitations.

3. The gist or gravamen of the charge is the criminal conversation, the alienation of the spouse's affections being incidental and material only in so far as it affects the *quantum* of damages.

4. Sec. 5958, Rev. Codes, precludes either a husband or a wife from testifying for the other, without the other's consent, and this rule admits of no exceptions other than those expressly specified in the statute.

[As to competency of husband or wife as witness in action for criminal conversation, see notes in Ann. Cas. 1912D, 1121; Ann. Cas. 1915B, 713.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action for damages for criminal conversation. Judgment for plaintiff affirmed.

J. F. Colvin and J. C. Johnston, for Appellant.

"Plaintiff may be required to file a bill of particulars, giving particular place, time and dates of each act of criminal conversation of which she intends to give evidence, where her declaration specifies particular acts without thus identifying them." (*Virtue v. Beacham,* 17 N. Y. Supp. 450; 5 Cur.

On the competency of one spouse as witness to show misconduct of other in action for criminal conversation, see note in 39 L. R. A., N. S., 316.

Law, 278; *Howells v. North American Transp. & Trad. Co.,* 24 Wash. 689, 64 Pac. 786; *Wainer v. Pauly,* 141 Ill. 442, 30 N. E. 1025; *Tillou v. Hutchinson,* 15 N. J. Law; 178; *Voorhees & Booraem v. Barr,* 59 N. J. Law, 123, 125, 35 Atl. 651; *Burnell v. Coles,* 25 Misc. Rep. 794, 54 N. Y. Supp. 568; *McCarthy v. Mooney,* 41 Ill. 300; *Purdy v. Warden,* 18 Wend. (N. Y.) 671; *Barnes v. Henshaw,* 21 Wend. (N. Y.) 426.)

"Sec. 831 of the Code does not apply to actions where the husband seeks to recover damages for alienation of his wife's affections, the wife is not a party and the evidence is not strictly against her." (*Smith v. O'Brien,* 53 Hun, 633, 6 N. Y. Supp. 174, affirmed, 127 N. Y. 684, 28 N. E. 256; *Woods v. Gledhill,* 56 Hun (N. Y.), 220, 9 N. Y. Supp. 266; *Sexton v. Sexton,* 129 Iowa, 487, 105 N. W. 314, 2 L. R. A., N. S., 708.)

"When the questions propounded to the witness, wife of plaintiff, did not call for the disclosure of confidential communications between the witness and her husband while that relation existed, the witness should have been permitted to answer them." (*Yoell v. Vaughn,* 85 Mo. App. 206; *Smith v. Merrill,* 75 Wis. 461, 44 N. W. 759; *Horner v. Yance,* 93 Wis. 353, 67 N. W. 720; *Millspaugh v. Potter,* 62 App. Div. 521, 71 N. Y. Supp. 134; *Shields v. Ruddy,* 3 Ida. 148, 28 Pac. 405.)

"If the other spouse is not a party to the action and has no interest in its outcome, the rule is that the witness is competent even if his testimony shows the other liable to a civil action; for this cannot be said to be testimony against the other." (30 Am. & Eng. Enc. Law, 2d ed., 497; *Zimmerman v. Whiteley,* 134 Mich. 39, 95 N. W. 989; *Williams v. Williams,* 20 Colo. 51, 37 Pac. 614.)

If the wife's affections were alienated by the cruel acts and conduct of the plaintiff before the defendant had any relation with the wife, the plaintiff cannot recover. (*McKenna v. Algeo* (N. J.), 51 Atl. 936; *Day v. Stickney,* 14 Allen (Mass.), 255; 1 Ency. of Evidence, 757; *Perry v. Lovejoy,* 49 Mich. 529, 14 N. W. 485; *Gilchrist v. Bale,* 8 Watts (Pa.), 355, 34 Am. Dec. 469; *Schuneman v. Palmer,* 4 Barb.

(N. Y.) 225; *Waldron v. Waldron*, 45 Fed. 315; 8 Am. & Eng. Ency. Law, 2d ed., 271; 5 Cur. Law, 1752.)

J. R. Good and S. L. Tipton, for Respondent.

The ground of the objection under sec. 5958, Rev. Codes, made by the plaintiff against the wife testifying against her husband is not that she was a party to the suit but because the law prohibits either from testifying against the other without the consent of the other. (*Shields v. Ruddy*, 3 Ida. 148, 28 Pac. 405; *Falk v. Wittram*, 120 Cal. 479, 65 Am. St. 184, 52 Pac. 707; *People v. Mullings*, 83 Cal. 138, 17 Am. St. 223, 23 Pac. 229; *Fitzgerald v. Livermore*, 2 Cal. Unrep. 744, 13 Pac. 167; *Dawley v. Ayers*, 23 Cal. 108.)

"At common law neither husband nor wife could testify in favor of or against the other. General enabling statutes have been passed in many jurisdictions, but these statutes do not affect the rule as to the so-called privileged communications between husband and wife." (Elliott on Evidence, sec. 628; *Lucas v. Brooks*, 85 U. S. 436, 21 L. ed. 779, 783.)

Under the pleadings in this cause the criminal conversation is the gravamen of the action, and if the evidence only proves that plaintiff's wife's affections were alienated, plaintiff could not recover. (*Wood v. Matthews*, 47 Iowa, 409.)

The gist of the action is the criminal conversation. (*Yundt v. Hartrunft*, 41 Ill. 9; *Bigaouette v. Paulet*, 134 Mass. 123, 45 Am. Rep. 307.)

The wrong to the husband consists of the carnal intercourse with his wife by another, and it is immaterial whether the intercourse is accomplished by persuasion or by force. His right of action is established upon proof of the witnesses, and the means by which this intercourse was effected are but incidents to increase or mitigate his damage. (*Bedan v. Turney*, 99 Cal. 649, 34 Pac. 442; *Cross v. Grant*, 62 N. H. 675, 13 Am. St. 607.)

BUDGE, C. J.—This is an action of criminal conversation for debauching respondent's wife. Judgment for damages was awarded in the sum of $2,500. From which judgment

and from an order denying a motion for a new trial, this appeal was prosecuted.

Appellant's brief contains twenty-four separate assignments of error but it will not be necessary to discuss all of them.

The third assignment: "3. That the court erred in refusing to compel the plaintiff to furnish the defendant a specific bill of particulars of the dates, places and times when the defendant carnally knew the plaintiff's wife, if at all,"—is not well taken. Respondent, after appellant answered, furnished a bill of particulars to which the proof is sufficiently responsive. We have no statute providing for a bill of particulars in cases of this character. There are authorities holding that in such cases a bill of particulars may be required (*Shaffer v. Holm,* 28 Hun (N. Y.), 264; *Tilton v. Beecher,* 59 N. Y. 176, 17 Am. Rep. 337) ; but these cases arose under a statute which we do not have. The prevailing view, however, is that a charge of this nature may be alleged by a *continuando* and that "proof thereunder may be given of the wrongful act in issue, committed on any date within the time stated in the pleading, and within the period of the statute of limitations." (*Smith v. Meyers,* 52 Neb. 70, 71 N. W. 1006; 21 Cyc. 1629, 1630; *Yatter v. Miller,* 61 Vt. 147, 17 Atl. 850; *Long v. Booe,* 106 Ala. 570, 17 So. 716; *Johnston v. Disbrow,* 47 Mich. 59, 10 N. W. 79; *Lemmon v. Moore,* 94 Ind. 40; 5 Ency. Pl. & Pr. 617, 618.) Moreover, there is nothing in the record to indicate that appellant was surprised or mislead or in any wise prejudiced by the refusal of the court to require respondent to furnish an additional bill of particulars.

The fourth assignment predicates error upon the refusal of the court to permit respondent's wife, over his objection, to testify against him. Sec. 5958, Rev. Codes, provides as follows:

"Sec. 5958. There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person cannot be examined as a witness in the following cases:

"1. A husband cannot be examined for or against his wife, without her consent, nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other nor to a criminal action or proceeding for a crime committed by violence of one against the person of the other. . . . . "

California and many of the other states have this identical statute, and the decisions thereunder are uniformly to the effect that neither a husband nor a wife can testify against the other without his or her consent, and that the rule admits of no exceptions other than those expressly specified in the statute.

The supreme court of Minnesota in an early case, construing a statute identical in this respect with our own, said: "If this statute merely laid down the rule disabling the husband and wife from testifying for or against each other, it might be urged that it was only a statutory adoption of the common-law rule, and that it adopted also the common-law application of the rule, including the exceptions. But it also prescribes the application of, and defines and limits the exceptions to, the rule of disability. This excludes resort to the common law to determine how far the rule shall prevail, and what cases shall be excepted from it. So it is immaterial that the common law did or did not—though we know of no well-considered case holding that it did—admit the evidence of a wife against her husband, in a case like this. The statute does not." (*Huot v. Wise,* 27 Minn. 68, 69, 6 N. W. 425; *Wolford v. Farnham,* 44 Minn. 159, 46 N. W. 295.) The statute has been similarly construed in the following cases: *Krueger v. Dodge,* 15 S. D. 159, 87 N. W. 965; *Zimmerman v. Whiteley,* 134 Mich. 39, 95 N. W. 989; *Knickerbocker v. Worthing,* 138 Mich. 224, 101 N. W. 540; *French v. Deane,* 19 Colo. 504, 36 Pac. 609, 24 L. R. A. 387; *Bassett v. United States,* 137 U. S. 496, 11 Sup. Ct. 165, 34 L. ed. 762 (construing Utah statute); *People v. Mullings,* 83 Cal. 138, 17

Am. St. 223, 23 Pac. 229; *Falk v. Wittram,* 120 Cal. 479, 65 Am. St. 184, 52 Pac. 707; *Humphrey v. Pope,* 1 Cal. App. 374, 82 Pac. 223. The numerous decisions cited by appellant in support of his position are under statutes essentially different from our own and have no application to the point here involved. The statutes of New York, Iowa and Wisconsin, although similar in some respects to sec. 5958, *supra,* contain an express provision permitting the husband or wife to testify against the other in a civil action of this nature.

Many of the errors assigned attack from various angles the sufficiency of the evidence to support the verdict, and it is also urged that the verdict is excessive. There is no merit in either of these contentions. The assignments predicating error upon the giving of certain instructions and the refusal to give certain others requested by appellant are equally without merit. The gist or gravamen of the charge laid in the complaint is not the alienation of the wife's affections, but the criminal conversation, the alienation of the wife's affection being incidental and material only in so far as it affects the *quantum* of damages.

We have carefully examined the entire record and are satisfied that no prejudicial error is disclosed therein. The judgment is affirmed. Costs are awarded to respondent.

Morgan and Rice, JJ., concur.