362 P.2d 1075

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Donald RILEY, Defendant-Appellant.**

No. 8995.

Supreme Court of Idaho.

June 27, 1961.

Thomas A. Mitchell, Coeur d'Alene, for appellant.

Frank L. Benson, Atty. Gen., William E. Swope, Asst. Atty. Gen., Dwight F. Bickel, Sp. Asst. Atty. Gen., Robert J. Fanning, former Pros. Atty. of Shoshone County, Richard G. Magnuson, Pros. Atty. of Shoshone County, Wallace, for respondent.

KNUDSON, Justice.

Appellant was charged with and convicted of the crime of committing a lewd and lascivious act upon the body of a minor female child, ten years of age. From the judgment of conviction this appeal is taken.

During the trial Verna Riley was called as a witness by the State and after she had been sworn and had stated her name and place of residence, appellant's counsel interposed an objection challenging the witness' right to testify against appellant on the ground that a common law mar-

riage existed between appellant and said witness. Appellant assigns as error the action of the trial court in permitting said Verna Riley to testify against him over his objection.

Appellant and said Verna Riley were first married July 18, 1956, and were divorced by decree dated December 18, 1958. Within approximately two weeks after the divorce was granted appellant went back and lived with said Verna Riley. Although the testimony of appellant and said witness is to some extent conflicting the record is convincing that said parties thereafter lived together a substantial part of the time up to the date of the charged offense.

In the absence of the jury it was stipulated that the record of certain testimony taken during the former trial of appellant, relating to the marital status of appellant and said witness, be deemed to have been written into and become a part of the record of the trial in this case. The record of such testimony was marked as "Court's exhibit No. 1" and by the court ordered entered as a part of the testimony in this action. After considering the evidence so submitted the trial court stated "I think all the elements of common law marriage are present and have been stated in the transcript given in the previous trial". Notwithstanding said comment, the court overruled appellant's objection without deciding whether or not appellant and said witness were husband and wife.

In view of the objection made by appellant it became necessary, before permitting said witness to testify regarding material facts, to determine the existence or nonexistence of the claimed marriage. If they were in fact husband and wife the testimony of said witness was barred by the provisions of I.C. § 19–3002, which are:

"Neither husband nor wife are competent witnesses for or against each other in a criminal action or proceeding to which one or both are parties, except:

"1. With the consent of both, or

"2. In cases of criminal violence upon one by the other; or

"3. In cases of desertion or nonsupport of wife or child by the husband."

Another statutory provision governing the admissibility of testimony of one spouse against the other is I.C. § 9–203, the pertinent provisions of which are:

"There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person can not

be examined as a witness in the following cases:

"1. A husband can not be examined for or against his wife, without her consent, nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other nor to a criminal action or proceeding for a crime committed by violence of one against the person of the other."

■ It is urged on behalf of respondent that this Court, in construing the language of said statutes, adopt what is referred to as "the more modern viewpoint" and construe them to mean that a serious wrong against the minor child of a wife is a crime against the wife sufficient to remove her disqualification as a witness. In support of such contention our attention is directed to the case of Chamberlain v. State, Wyo., 348 P. 2d 280, 282, wherein the Court had under consideration a statute which provides "In no case shall the husband or wife be a witness against the other, except in criminal proceedings for a crime committed by one against the other * * *". W.S.1957, § 1–142. The Court held that the word "crime" as used in said statute means nothing more nor less than a "wrong" against the other. We cannot consider said Wyoming case as an authority to guide us in construing the statutes here involved for two reasons: (1) the statutes are not identical, and (2) with all deference to the Court enunciating said construction, we cannot concur in such view. Nor can we subscribe to the doctrine that the exigencies of this or any kindred case could justify a radical departure from the well known rules of construction.

■ This Court has consistently adhered to the primary canon of statutory construction that where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction. Tway v. Williams, 81 Idaho 1, 336 P.2d 115; Moody v. State Highway Department, 56 Idaho 21, 48 P.2d 1108; Drainage Dist. No. 2 of Ada County v. Ada County, 38 Idaho 778, 226 P. 290; State v. Jutila, 34 Idaho 595, 202 P. 566. If the legislature intended that "a wrong against the other" or "a wrong against a child of the other" constituted the exceptions it would undoubtedly have so provided by using those words.

■ Under said statutes neither a husband nor a wife can testify against the other without his or her consent, except in a criminal action for a crime committed by

violence upon one by the other. The word "crime" is defined by I.C. § 18–109, as follows:

"A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments:

"1. Death.

"2. Imprisonment.

"3. Fine.

"4. Removal from office; or

"5. Disqualification to hold and enjoy any office of honor, trust or profit in this state."

The word "violence" as used in said statutes, being a word of common usage, must be given its usual, plain or ordinary meaning. City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680; Meader v. Unemployment Compensation Division, 64 Idaho 716, 136 P.2d 984; Oregon Short Line R. Co. v. Pfost, 53 Idaho 559, 27 P.2d 877. Black's Law Dictionary, 4th edition, defines violence as "Unjust or unwarranted exercise of force, usually with the accompaniment of vehemence, outrage or fury. * * Force, physical force, force unlawfully exercised, the abuse of force, that force which is employed against common right, against the laws and against public liberty. Webster's New International Dictionary, 2nd edition, unabridged, defines "violence" as "Strength or energy actively displayed or exerted, esp. when destructive, vehement or forcible action; force; impetuosity; vehemence, highly excited or animated force or energy; intensity, severity; as, the violence of an attack or storm or of a fever."

This Court has heretofore discussed the exclusions provided for in the statutes under consideration and has held that the rule admits of no exceptions other than those expressly specified in the statute. Watkins v. Lord, 31 Idaho 352, 171 P. 1133; In Hess v. Hess, 41 Idaho 359, 239 P. 956, 958, on petition for rehearing, this Court said:

"All of the ancient reasons for the exclusion of the testimony of a husband or wife, whether well founded or not, are merged in the statutory declaration as to such incompetency."

It was clearly reversible error to permit said witness to testify before determining that she was not the wife of appellant.

■ Appellant assigns error in the giving of the following quoted portion of instruction No. 15.

"You may, however, consider any evidence as to the conduct and relationship between the defendant and the

child in question on occasions other than that involving the offense charged, as tending to show, if it does show, the disposition of the defendant toward such child and his intent at the time of the alleged offense here charged against him."

It is contended that the court, by giving said instruction, implied to the jury that acts similar to the act with which appellant is charged had, on other occasions, occurred between appellant and the prosecutrix; that the record in fact does not disclose any such evidence. In our search of the record we have not found any evidence to which said quoted portion of the instruction could apply, nor has our attention been called to any such evidence. Under such circumstances it was error to give such portion of the instruction. See State v. Madrid, 74 Idaho 200, 259 P.2d 1044.

The judgment is reversed and the cause remanded, with instructions that a new trial be granted, and that the trial court, upon offer of testimony by Verna Riley and objection thereto, receive evidence, in the absence of the jury, tending to prove the existence or non-existence of the marriage between appellant and said Verna Riley, and determine the fact prior to ruling on such objection.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.