576 P.2d 206

**WORLEY HIGHWAY DISTRICT, a political subdivision of the State of Idaho, and its Board of Commissioners, John F. Burton, Raymond B. Oliver and Bill C. Hickman, Plaintiffs-Appellants,**

v.

**KOOTENAI COUNTY, a political subdivision of the State of Idaho and its Board of Commissioners, Eugene W. Ingalls, B. Douglas Frymire and Elmer A. Currie, Defendants-Respondents.**

No. 12472.

Supreme Court of Idaho.

March 21, 1978.

William A. Stellmon of Ware, Stellmon & O'Connell, Lewiston, for plaintiffs-appellants.

Gary M. Haman of Haman & Brown, Coeur d'Alene, for defendants-respondents.

DONALDSON, Justice.

This appeal concerns an action and counter-claim to quiet title in certain real property adjacent to the Kootenai County Courthouse. The plaintiff-appellant, Worley Highway District (hereinafter "district"), instituted this action asking the district court for a declaration as to who was entitled to the property in question. The defendant-respondent, Kootenai County (hereinafter "county") filed an answer and counterclaim and thereafter moved for judgment on the pleadings which the district court considered a Motion for Summary Judgment. The district court granted the county's Motion for Summary Judgment, holding that the district had no interest in the property.

Kootenai County received title to a tract of land adjacent to the Kootenai County

**926**

Courthouse sometime prior to 1925. Title to the property was received pursuant to federal land patents. The land is occupied by a building which has been used by the Kootenai County Road Department as a shop and garage since 1943. It is unclear, however, as to whether the building has been used exclusively since 1943 by the road department. The building was constructed in 1943 with funds of the Kootenai County Road Department. County road department personnel supplied the labor for the construction of the building. Title to the garage and shop building and the underlying land is the subject of this appeal.

Prior to 1970, secondary roads in Kootenai County were administered through eight highway districts and the county road department. In 1970, by way of general election, Kootenai County adopted one of the alternatives for administering secondary roads as provided by the "County Local Option Secondary Highway Reorganization Act," specifically I.C. § 40–2703.[1] In the general election, Kootenai County voters adopted the third alternative provided by I.C. § 40–2703. After the general election, the eight existing districts were dissolved and the county was divided into four new districts which were to cover the area previously served by the eight districts and the county road department. Under the Reorganization Act, all of the property owned

by the old highway districts was to be transferred to the newly formed districts.[2]

On May 17, 1971, the Kootenai County Board of Commissioners issued two resolutions which purported to transfer all property, both real and personal, of the old districts and the Kootenai County Road Department to the new highway districts pursuant to I.C. § 40–2715. The first resolution pertained mainly to personal property. The only mention of real property in the first resolution was a general clause in an exhibit incorporated by reference into the resolution. The second resolution pertained to real property. Apparently, the commissioners, the county, and the district initially assumed that these resolutions transferred to the district the building and land in dispute. The pertinent portions of the resolutions are outlined below. The first resolution, pertaining mainly to personal property, read:

NOW, THEREFORE, BE IT RESOLVED,

That the operating equipment and tools of the above named Highway Districts and the Kootenai County Road Department shall be, and the same are hereby transferred according to the following attachments:

. . . . .

4. To the Worley Highway District;

1. 40–2703. County wide election to adopt method of secondary highway administration—Procedure.—In any county where there is a petition for vote under this act, the county commissioners must refer by popular vote to the entire electorate of said county the question of administration thereof, allowing such electorate at such election to adopt one (1) of the following systems for administration:

(1) To establish a county wide highway system for the administration of the secondary road system of the entire county by county commissioners;

(2) For the formation of a county wide highway district independent of the administration of the county commissioners;

(3) For the division of the county or area into highway districts covering the entire county secondary road system which could include parts of adjacent counties.

. . . . .

2. 40–2715. Inventory and financial statement of dissolved district.—Disposition of property and obligations of dissolved district.—Upon the election being held under this act for exercise of the options hereunder, and an option being chosen, all highway districts or good roads districts shall prepare and file with the county commissioner an inventory and financial statement to be filed not later than ten (10) days subsequent to the canvass of such election.

Title to all machinery, buildings, lands and property of every kind and nature, belonging to each said district shall immediately upon the dissolution of the district and without further conveyance, be vested in the board of county commissioners as custodians thereof, and immediately thereafter, as soon as may be practical, delivered to the succeeding operational unit and such unit shall be liable for any and all unliquidated obligations of said dissolved highway or good roads districts.

(a) All property described and set forth as Exhibit "C" on the attached Stipulation # 1.

Exhibit C listed numerous items of personal property and at the end, the following clause appeared:

.     .     .     .     .

All other property, real and personal, not specifically described.

The second resolution, pertaining to real property, read:

.     .     .     .     .

BE IT FURTHER RESOLVED,

That all material sites owned by Kootenai County and normally used by the County Road Department are hereby transferred to the Highway District in which they are situated.

Sometime later this dispute arose between the parties regarding ownership of the land and building.

The appellant district argues that it is entitled to the land and building for two reasons. First, the district argues that it is entitled to the property by operation of law. Second, the district argues that it is entitled to the building and land because of the resolutions issued by the Kootenai County Board of Commissioners which acted as written conveyances of real property.

The district court held that the appellant highway district had no interest in the land or building. The district court concluded that the appellant highway district received no interest in the property either by operation of law or by way of a written conveyance. The district appeals this decision. We affirm.

The district first argues that it is entitled to the property by operation of law under the Reorganization Act and particularly I.C. § 40–2715. Although recognizing that county owned property is not mentioned in I.C. § 40–2715, the district alleges that under this section property, both real and personal, previously used by county road departments was intended to be transferred to the newly created districts. The district premises this argument on Title 40, ch. 27, taken as a whole. The district points to I.C. § 40–2701 and I.C. § 40–2710 [3] wherein the legislature has indicated that the purpose of the Act is to eliminate the coexistence of county road departments and highway districts. The district argues that to carry out this stated purpose, the legislature intended that *county owned property* previously used by the county road department be transferred under the Reorganization Act. The district concludes that since the shop and garage building and the underlying land was previously used by the Kootenai County Road Department it should have been transferred under the provisions of the Act.

We agree that the legislature intended to eliminate the coexistence of county road departments and highway districts through the Reorganization Act. We cannot say, however, that the legislature intended county owned property previously used by county road departments be transferred to the newly created districts.

The critical language of I.C. § 40–2715 reads:

**3.** 40–2701. Policy.—It is hereby declared as the policy of the state of Idaho, that it is necessary in the further promotion, regulation, control and construction of secondary highways at the county level within the state of Idaho for an amendment and policy declaration of the laws of the state of Idaho relative to the home rule regulation and control by the electorate at such election to adopt one (1) of the systems for a secondary highway system of the state of Idaho at the county level and for the elimination of impractical and uneconomical units and still maintain the element of home rule and administration of highways in the secondary class within the various county and district units exclusive of statewide application for the state of Idaho.

40–2710. Highway district system and county road system not to coexist within one county —Exception.—After the special election hereinbefore provided, no county shall exist part highway district and part county road system except under the provisions of § 40–2718 and the county commissioners are authorized to take such action to redistrict said districts at any time so this condition shall not exist, subject to the limitations as set forth in this act herein provided for.

Title to all machinery, buildings, lands and property of every kind and nature, belonging to each said *district* shall immediately upon the dissolution of the district and without further conveyance, be vested in the board of county commissioners as custodians thereof, and immediately thereafter, as soon as may be practical, delivered to the succeeding operational unit and such unit shall be liable for any and all unliquidated obligations of said dissolved highway or good roads district. (emphasis ours)

"This Court has consistently adhered to the primary canon of statutory construction that where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *State v. Riley,* 83 Idaho 346, 349, 362 P.2d 1075, 1076–1077 (1961). The language of the statute, I.C. § 40–2715, is clear and unambiguous. Reading Title 40, ch. 27, as a whole, we cannot say that I.C. § 40–2715 was intended to embrace "county owned property previously used by county road departments." We hold that the district court correctly concluded that the appellant highway district could claim no interest in the land or building by operation of law.

We next turn to the district's argument that even though it may not have received title to the property by operation of law under Title 40, ch. 27 it nevertheless received title to the property because of resolutions issued by the Kootenai County Board of Commissioners which acted as written conveyances of property.

This argument must also fail. The Commissioners issued two resolutions. The pertinent language in these resolutions has been set out earlier. These two resolutions taken together are not sufficient to satisfy the requirements of I.C. § 55–601.[4] Idaho Code § 55–601 requires that conveyances of real property be made in writing. It is fundamental that a written instrument purporting to convey real property must contain a sufficient description of the property. *Lerma v. Romero,* 87 N.M. 3, 528 P.2d 647 (1974); *see Dahlberg v. Johnson's Estate,* 70 Idaho 51, 211 P.2d 764 (1949); 6 Thompson on Real Property § 3020, p. 437 (1962 Repl.); 26 C.J.S. Deeds § 29, p. 639. The resolutions contained no description of the property to be conveyed and consequently were insufficient to pass title.

Affirmed. Costs to respondents.

SHEPARD, C. J., and McFADDEN, BAKES and BISTLINE, JJ., concur.

---

**4.** 55–601. Conveyance—How made.—A conveyance of an estate in real property may be made by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing. The name of the grantee and his current address must appear on such instrument.