844 P.2d 1382

Patricia O. HANEY, Colt M. Wright, and Craig Johnson, Plaintiffs–Appellants–Cross Respondents,

v.

Henry MOLKO, Jr. and Carol I. Molko, husband and wife, Trust #1 Molko Family Trust and Henry Molko, Jr. and Carol I. Molko, as Trustees of Trust #1 Molko Family Trust, Defendants–Respondents–Cross Appellants.

No. 19250.

Court of Appeals of Idaho.

Dec. 21, 1992.

Petition for Review Denied Feb. 18, 1993.

Churchill & Vander Boegh, Boise, for appellant. Lance D. Churchill, argued.

Henry Molko, Jr., argued, pro se.

SILAK, Judge.

This action was brought by Patricia O. Haney, Colt M. Wright and Craig Johnson (Haney), the purchasers of property at an IRS tax sale, in order to quiet title to the property and to recover back rent against the tax-debtors who refused to pay rent to the tax sale purchasers during the twenty-five months in which they occupied the property after the tax sale. The district court entered a judgment granting title to the tax sale purchasers, but declined to award them back rent. The tax sale purchasers appeal from the judgment refusing to award them back rent and attorney fees. The tax-debtors cross-appeal, asserting that the district court erred in awarding title to the tax sale purchasers. We affirm the award of title and denial of attorney fees to the tax sale purchasers, but reverse that portion of the judgment which denied them back rent.

## FACTS AND PROCEDURAL BACKGROUND

On August 31, 1983, the State of Idaho attached and levied upon the real property [1] of Henry and Carol Molko in order to secure payment of the Molkos' state tax liabilities for the years 1978 through 1983. Thereafter, on March 5, 1984, the Molkos and the Idaho State Tax Commission entered into a settlement agreement pursuant to which the Molkos agreed to pay the State $13,942 and the State agreed to release the levies on the Molkos' property.

About one month later, on April 2, 1984, the Molkos created and recorded Trust # 1 Molko Family Trust, naming themselves as trustees of the trust. The same day, Carol Molko recorded deeds transferring all her interest in the Molkos' real property to Henry Molko, after which Henry Molko recorded deeds transferring the property to the newly-created Molko Family Trust.

In 1987, the IRS filed tax liens on the Molkos' property in order to secure payment of $41,311 in delinquent internal revenue taxes owed by the Molkos for the years 1978–1984. On February 15, 1989, the IRS levied on the tax liens and conducted a tax sale of the property. At the tax sale Haney purchased the property for $40,105, and the IRS issued Haney a Certificate of Sale for the seized property.

About two weeks later, Haney contacted the Molkos by phone to ascertain whether the Molkos intended to continue occupying the property during the redemptive period, and to notify the Molkos of their obligation to pay rent to Haney as long as they occupied the premises. The Molkos responded that they had no intention of either vacating the premises or paying rent to Haney. On March 23, 1989, Haney sent the Molkos a notice to pay rent within three days or to vacate the premises. On April 16, 1989, after the Molkos failed to either pay rent or vacate the premises, Haney filed an unlawful detainer complaint in the magistrate division seeking eviction and back rent against the Molkos.

On May 3, 1989, the Molkos filed a counterclaim against Haney, which apparently also served as an answer to Haney's complaint. In their counterclaim, the Molkos asserted that, at the time the IRS levied on their property, the Molkos had no interest in the disputed property because, by that time, the property had already been conveyed to the Molko Family Trust. The Molkos further asserted that because the IRS levied only on the property in which the Molkos had an interest, the IRS never levied on the real property which is the subject of this case, and therefore neither the IRS nor Haney acquired any interest in the property. Finally, the Molkos requested an award of damages, claiming that Haney was attempting to defraud them into paying rent.

In their reply to the Molkos' counterclaim, Haney asserted that the Molkos' transfer of the property to the Molko Fami-

---

1. The property in question actually consists of four parcels which make up about eleven acres of farm land and another acre containing a single residence.

ly Trust was fraudulent and void because it was an attempt to obstruct the IRS's access to the property for satisfaction of legitimate claims for delinquent taxes. Haney asserted that because the transfer to the Molko Family Trust was void as against the IRS, title to the property remained in the Molkos at the time of the IRS levy, and therefore the IRS did acquire and sell the Molkos' interest in the property to Haney.

On September 21, 1989, Haney commenced a new action against the Molkos[2] in the district court, Case No. CV–89–04015–C. In this action Haney sought to quiet title to the property by asking the court to set aside the Molkos' deeds to the Molko Family Trust as fraudulent transfers. Haney also sought an order requiring the Molkos to pay the fair rental value of the property from the time of Haney's purchase, and for attorney fees and court costs. Because the Molkos' counterclaim in the unlawful detainer action raised the issue of title, a matter beyond the jurisdiction of the magistrate, the magistrate "dismissed" the unlawful detainer action and counterclaim and ordered that those pleadings be transferred and consolidated with Haney's recently filed district court case. In the meantime, the Molkos failed to exercise their rights of redemption, and on September 18, 1989, the IRS issued an IRS deed to Haney.

After trial, the district court determined that the Molkos' intent in conveying their property to the Molko Family Trust was to prevent the IRS from levying on their property, and thus to frustrate the IRS's efforts to satisfy its legitimate claims against the Molkos. Accordingly, the district court set aside the Molkos' deeds to the Molko Family Trust as fraudulent transfers. The district court also concluded, however, that Haney had failed to show that the Certificate of Sale and subsequent deed from the IRS conveyed legal title to Haney, because those documents failed to adequately describe the property conveyed. The district court's judgment provided, however, that

Haney would have a period of time to record an amended deed containing an adequate description of the property, which, if done, would entitle Haney to a judgment granting Haney title to the property. The district court further found that the fair rental value of the property during the time in question was $700 dollars per month; however, the court refused to award back rent to Haney, apparently on the basis that Haney was not entitled to receive rent until Haney acquired legal title by recording a deed which adequately described the property. The district court also refused to award Haney attorney fees, finding that the Molkos had raised genuine issues as to their intent in creating the Molko Family Trust, and therefore had not defended the action frivolously or unreasonably.

Haney subsequently obtained and recorded an amended deed from the IRS which contained a full legal description of the property, and the district court, in its final judgment, concluded that legal title to the property passed to Haney on January 11, 1991, when Haney recorded the amended deed.

### ISSUES ON APPEAL

Haney raises two issues on appeal: 1) whether the district court erred in refusing to award Haney back rent against the Molkos, and 2) whether the district court erred in refusing to award Haney attorney fees below. In their cross-appeal, the Molkos raise the issue whether the district court erred in awarding title to Haney because Haney's remedies should have been limited to those of a "creditor" under Idaho's Unlawful Transfers statute.

### ANALYSIS

■ 1. *The Award of Title to Haney.* We will discuss first whether the district court should have limited Haney's remedies to those provided for defrauded creditors under Idaho's Unlawful Transfers statute, rather than granting Haney title to the

---

**2.** Haney subsequently amended the complaint to join as defendants to the action Trust # 1

Molko Family Trust and Henry and Carol Molko as trustees of Trust # 1 Molko Family Trust.

property. Once Haney recorded the amended deed containing the full legal description of the property as required by the district court, the district court entered a judgment quieting title to the property in Haney. The Molkos challenge the district court's judgment, asserting that Haney pled this action as a defrauded creditor under Idaho's Unlawful Transfers statute, I.C. §§ 55–901 to –918, and therefore Haney was limited to the remedies of a creditor under that statute. The Molkos assert that under sections 55–916 and 55–917 Haney's relief was limited as a successor in interest to a defrauded creditor to monetary damages; either the value of the asset fraudulently transferred, or the amount necessary to satisfy the creditor's claim, whichever is less.

Having reviewed the pleadings in this case, we reject the Molkos' argument. Haney did not bring this suit merely as a successor in interest to the IRS, the Molkos' creditor, but as an owner seeking to quiet title and to recover rent for the period during which the Molkos occupied the premises after Haney purchased the property at the tax sale. Haney invoked the provisions of the Unlawful Transfers statute to show that the deeds to the Molko Family Trust were void as against the IRS and Haney,[3] and that the deeds should be set aside, thus clearing the cloud those deeds cast on Haney's title. That this was the relief sought is clear from Haney's complaint, which stated:

WHEREFORE, Plaintiffs request relief as follows:

1. That this Court remove the cloud of title upon the property created by fraudulent transfers by the Defendants, and void the transfers to clear the title to the property on behalf of the Plaintiffs.

■ As tax sale purchaser, Haney was more than a successor in interest to the IRS. The Molkos' fraudulent conveyance to the Molko Family Trust was void as against the IRS and Haney, and with re-

spect to those parties legal title to the property was never conveyed to the Molko Family Trust. Therefore, the IRS was entitled to levy upon the Molkos' property and sell it to Haney in order to satisfy its claims against the Molkos. The Molkos' fraudulent deed to the Molko Family Trust did not affect the validity of the IRS sale to Haney, or the title to the property which Haney received from the IRS. *See Roquemore v. Kellogg*, 656 S.W.2d 646, 648 (Tex. App.1983); *Richardson v. Michel*, 45 Cal. App.2d 188, 113 P.2d 916, 920 (1941).

■ Accordingly, Haney was not merely a successor in interest to a defrauded creditor with respect to the disputed property. Haney, as a tax sale purchaser of the property, had color of title to the property, I.C. § 6–417, and standing to bring an action to quiet title. Under I.C. § 6–401, "[e]very estate or interest known to law in real property, whether legal or equitable, may be determined in an action to quiet title." *Lewiston Lime Co. v. Barney*, 87 Idaho 462, 468, 394 P.2d 323, 326 (1964); *see also* I. Blum, Annotation, *What Constitutes Cloud on Title Removable in Equity*, 78 A.L.R. 24 (1932) (an execution purchaser may sue to set aside a cloud on title created by debtor's conveyance in fraud of creditors). One who purchases property at an execution or tax sale receives legal title, and may bring an action to remove a cloud on the title created by a fraudulent transfer of the debtor. "In such a case, the gist of the action is not fraud and the purpose of the action is not to set aside a transfer. The Plaintiff is suing as an owner and not as a creditor for purposes of quieting his title as against a cloud thereon, ..." *Richardson*, 113 P.2d at 920.

■ We hold that, under I.C. §§ 55–916 and 55–917, the district court had the equitable power to clear Haney's title by setting aside the Molkos' deeds to the Molko Family Trust, which deeds were void and unenforceable against Haney.

---

**3.** Idaho's Unlawful Transfers statute, I.C. § 55–906, provides that:

Every transfer of property ... taken, with intent to delay or defraud any creditor or

other person of his demands, is void against all creditors of the debtor and their successors in interest....

■ 2. *The Refusal to Award Back Rent to Haney.* The district court's apparent reason for refusing to order the Molkos to pay back rent to Haney was that until January 11, 1991, Haney had not recorded a deed from the IRS which contained an adequate legal description of the property, and therefore Haney did not acquire legal title and the right to collect rent until that date. Because we conclude that the property descriptions in the Certificate of Sale and IRS Deed were adequate to convey title, and because Haney, as tax sale purchaser, was entitled to receive rent from the debtor in possession during the redemptive period, we reverse the district court's judgment on this issue.

The Certificate of Sale which the IRS issued to Haney for the subject property provided the following description of the property:

> Home and Property: Legal Description: Southwest quarter of Section 19, Township 3 North, Range 1 west, of the Boise–Meridian. Tax 17 and Tax 24 less Tax 24–A in Lot 4; Tax 21 in southeast southwest quarter and Lot 4, west 40 feet of Tax 20 all in the south one-half of the south-west quarter, including all tenement, hereditament, and improvements thereon, and all water rights pertaining to the property as granted by the Nampa Meridian Irrigation District.

The legal descriptions of the tax parcel numbers listed in the Certificate of Sale were recorded in the Canyon County Assessor's Office. Those legal descriptions matched the full legal description of the Molko property sold by the IRS. Therefore, it was possible for someone to identify exactly what property was being conveyed by referring to the legal descriptions of the tax parcel numbers which were provided in the Certificate of Sale.

The deed which the IRS originally issued to Haney provided a description of the property identical to the description contained in the Certificate of Sale. The IRS Deed also provided the correct street address of the property, describing the property as that "seized from Henry Molko, Jr., 5016 E. Powerline, Nampa, Idaho [83651]."

Thus, by reference to the tax parcel numbers, which were contained in both the IRS's Certificate of Sale and the subsequent deed to Haney, persons could ascertain the legal metes and bounds description of the property being conveyed.

■ The district court cited *Worley Highway Dist. v. Kootenai County,* 98 Idaho 925, 928, 576 P.2d 206, 209 (1978), to support its conclusion that the documents of title issued to Haney by the IRS failed to adequately describe the property conveyed. While *Worley* states the general rule that "a written instrument purporting to convey real property must contain a sufficient description of the property," *Worley* does not specify further what constitutes a sufficient property description. To be sufficient, a property description "must designate the land intended to be conveyed with reasonable certainty." *Shilts v. Young,* 567 P.2d 769, 773 (Alaska 1977). "The purpose of a deed description is not to identify the land, but to furnish the means of identification." *Id.* (quoting *Matney v. Cedar Land Farms, Inc.,* 216 Va. 932, 224 S.E.2d 162, 165 (1976)). A more complete statement of the rule, as stated in *Lerma v. Romero,* 87 N.M. 3, 528 P.2d 647, 648 (1974) (cited by our Supreme Court in *Worley*), is that "a deed is void when it does not provide an adequate description to identify the land it purports to convey, *using means either directly from its language or by something extrinsic to which it refers.*" Thus, while it is indisputable that a deed must describe with reasonable certainty the property it purports to convey, the description contained in the deed will be sufficient so long as the quantity, identity or boundaries of the property can be determined from the face of the instrument or by reference to extrinsic evidence. *See also Shilts,* 567 P.2d at 773; *Phillips v. Johnson,* 266 Or. 544, 514 P.2d 1337, 1341 (1973); *O'Hara v. Brace,* 258 Or. 416, 482 P.2d 726, 729 (1971); *Hughes v. Meem,* 70 N.M. 122, 371 P.2d 235, 238 (1962); and *Barth v. Barth,* 19 Wash.2d 543, 143 P.2d 542, 548 (1943).

Because the property descriptions contained in the Certificate of Sale and the

IRS Deed, referring to the tax parcel numbers, were sufficient to permit persons to identify the exact property being conveyed, albeit by reference to records in the County Assessor's office, those property descriptions were sufficient to convey good title to the property.

After the tax sale, title to the property was in Haney, the tax sale purchaser. *Caldwell v. Thiessen*, 60 Idaho 515, 519, 92 P.2d 1047, 1048 (1939). As legal titleholder Haney was entitled to receive compensation for the use and occupancy of the property. *Id.* Had the Molkos exercised their right to redeem, their title would have been revived and any rent they might have paid would have been applied on the redemption. *Id.* However, because the Molkos failed to redeem the property, the fair rental value of the property belonged to Haney, the legal titleholder. *Id.* The district court found, upon substantial evidence, that the fair rental value of the property during the relevant time period was $700 per month. Accordingly, Haney is entitled to back rent at the rate of $700 per month for the approximately twenty-five months during which the Molkos occupied the property after Haney obtained legal title.

■ 3. *The Refusal to Award Attorney Fees to Haney.* The district court refused to award attorney fees against the Molkos in this case finding that the Molkos' defense raised genuine issues as to their intent to defraud, and therefore their defense was neither unreasonable nor frivolous. I.C. § 12–121; I.R.C.P. 54(e)(1). Haney does not challenge this finding on the basis of any facts in the record, but upon the legal argument that it was inconsistent for the district court to find the Molkos intentionally defrauded the IRS and then to find that the Molkos' defense of this suit was not unreasonable or frivolous. We disagree. If we were to adopt Haney's argument, every party found to have committed fraud would be automatically required to pay the opposing party's attorney fees for having unsuccessfully defended against the claim of fraud. We decline to adopt such a rule. It is possible for defendants to raise a reasonable, yet unsuccessful, defense against a claim of fraud. *See, e.g., Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct. App.1987) (the fact that a party loses is not grounds to award attorney fees under I.C. § 12–121 unless "the position advocated by the nonprevailing party is plainly fallacious and, therefore, not fairly debatable.") Because Haney has failed to show that the district court abused its discretion in not awarding attorney fees against the Molkos, we will not disturb that exercise of discretion on this appeal.

### CONCLUSION

Based on the facts and reasons set forth above, we affirm the district court's judgment quieting title to the subject property in Haney. However, we reverse that portion of the district court's judgment which determined that Haney did not acquire title until January 11, 1991. We hold that Haney acquired legal title to the subject property on February 15, 1989, when Haney purchased the property at the IRS tax sale and received a Certificate of Sale which sufficiently described the property conveyed. As legal titleholder, Haney was entitled to receive $700 per month, the fair rental value of the property found by the district court, for the twenty-five months in which the Molkos occupied the premises after February 15, 1989.

Costs to appellants, Haney. No attorney fees awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.