In re Joseph L. MILLER, Debtor.

Lois Murphy, Plaintiff,

v.

The Provident Bank, an Ohio Banking Corporation; and Household Finance Corporation, Iii, a Delaware corporation, Defendants.

Bankruptcy No. 99–03410.
Adversary No. 00–6319.

United States Bankruptcy Court,
D. Idaho.

March 26, 2001.

Jed W. Manwaring, Evans, Keane, Boise, Idaho, for Plaintiff.

Jeff R. Sykes, Meuleman & Miller, Boise, Idaho, for Defendant Household Finance Corporation.

## MEMORANDUM OF DECISION RE CROSS MOTIONS FOR SUMMARY JUDGMENT

JIM D. PAPPAS, Chief Judge.

### I. Background.

In this adversary proceeding, Plaintiff Lois Murphy, Chapter 7 Trustee, alleges a deed of trust on the Debtor's real property under which Defendant Household Finance Corporation is the beneficiary should be avoided using the trustee's "strong-arm powers" because it fails to contain a legal description of the property.[1] Plaintiff requests entry of a judgment avoiding Defendant's interest in the real property encumbered by the deed of trust and preserving the value of the deed of trust for the benefit of the bankruptcy estate. Defendant argues the deed of trust is indeed valid because under Idaho law no legal description of the property is required in order for a bona fide purchaser

to be put on constructive notice of it's interest in the property.

Both sides filed motions for summary judgment. The parties also filed briefs, a hearing on the motions was held on March 7, 2001, and the issues presented were taken under advisement. After due consideration of the record and the arguments of the parties, the Court concludes Defendant's motion for summary judgment should be granted, and Plaintiff's motion denied.

### II. Facts.

The following material facts are undisputed.

Chapter 7 debtor Joseph Miller ("Debtor") borrowed money from Provident Bank to purchase a house, and granted the lender a lien on the house to secure the loan. A deed of trust in Provident's favor was recorded at the Ada County recorder's office on May 28, 1998 as instrument number 98051565. In the space provided in the form deed of trust for inclusion of a legal description of the property, the following is found: "SEE ATTACHED EXHIBIT A". However, it is undisputed that no "Exhibit A" was ever attached to the deed of trust nor appears of record, and therefore, the legal description of the property can not be found in the instrument. The deed of trust does recite the street address of the property, "1812 North 31st, Boise, Idaho 83701", immediately below the area where the legal description would normally appear.

Provident's interest under the loan and deed of trust was thereafter assigned to

---

1. Although Plaintiff cites only Section 544(b) in her complaint as the statutory basis for avoidance of the deed of trust, in their arguments to the Court, both parties cite and discuss Section 544(a)(3) as another provision arguably granting Plaintiff the power to avoid the deed of trust here. The Court addresses arguments under both provisions in this Decision.

Defendant.[2] On December 29, 1999, Debtor filed for Chapter 7 bankruptcy relief, and Plaintiff is the trustee in that bankruptcy case. Plaintiff commenced this adversary proceeding on August 31, 2000.

### III. Applicable Law.

Under Fed.R.Civ.P. 56(c), applicable in this adversary proceeding by virtue of Fed. R. Bankr.P. 7056, summary judgment is appropriate if, when viewed in the light most favorable to the nonmoving party, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anguiano v. Allstate Ins. Co.*, 209 F.3d 1167, 1169 (9th Cir.2000); *Newman v. American Airlines, Inc.* 176 F.3d 1128, 1130 (9th Cir.1999). Since all the material facts in this action are undisputed, only questions of law remain, and entry of a summary judgment is appropriate here.

### IV. Discussion.

■ Section 544(a)(3) provides the trustee shall have the rights and powers of and shall have the power to avoid any transfer of the debtor voidable by

a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser

and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

While the Bankruptcy Code grants the trustee this special power, state law must be consulted to determine whether the trustee is a bona fide purchaser. *Briggs v. Kent (In re Professional Inv. Props. of America)*, 955 F.2d 623, 627 (9th Cir.1992).

■ At hearing, Plaintiff conceded the recording of the subject deed of trust was effective under Idaho's recording statutes to put a subsequent purchaser of Debtor's property on notice of Defendant's interest. Indeed, in Idaho, trust deeds and other instruments conveying interests in real property are indexed by county recorders under the names of the grantor and grantee. Idaho Code § 31–2404;[3] *Harris v. Reed,* 21 Idaho 364, 121 P. 780, 782 (1912) ("In this state the statute provides no method for keeping a numerical record and index of real property and of conveyances affecting the same. It only provides for alphabetical indexes of grantors and grantees."). The deed of trust here clearly identifies the Debtor as grantor, and a search of the relevant index would disclose the existence of the deed of trust, thereby imparting constructive notice to any potential purchaser of Defendant's interest. Idaho Code § 55–811 ("Every conveyance of real property ... recorded as pre-

**2.** Provident was also named as a defendant in Plaintiff's complaint. Likely because it claims no further interest in the deed of trust or in Debtor's property, only Defendant Household has appeared to defend the action.

**3.** Idaho Code § 31–2404 states in relevant part:
Every recorder must keep:
1. An index of deeds, grants and transfers, labeled "Grantors," each page divided into four (4) columns, headed respectively, "Names of grantors," "Names of grantees," "Date of deeds, grants or transfers" and "Where recorded."

2. An index of deeds labeled "Grantees," each page divided into four (4) columns, headed respectively, "Names of grantees," "Names of grantors," "Date of deeds, grants or transfers" and "Where recorded."
...
4. An index of mortgages, labeled "Mortgages of real property," with the pages thereof divided into five (5) columns, headed respectively, "Names of mortgagors," "Names of mortgagees," "Date of Mortgages," "Where recorded," "When discharged."

scribed by law, from the time it is filed with the recorder for record, is constructive notice of the contents thereof to subsequent purchasers and mortgag(e)es."). Plaintiff properly gave up her challenge to Defendant's status under Section 544(a)(3).

However, even if the recording of the trust deed was sufficient to give a subsequent purchaser constructive notice, Plaintiff takes another approach in attacking Defendant's status. She contends that under Idaho's statute of frauds, inclusion of only the street address of the property, and not a legal description, renders the conveyance unenforceable as between the parties, and therefore avoidable by a trustee. If her argument has merit, Plaintiff's statutory basis for avoidance of Defendant's interest is Section 544(b), which authorizes a trustee to avoid a lien securing the claim of a creditor holding a claim subject to disallowance. 11 U.S.C. § 544(b)(1). Claims unenforceable under the statutes of frauds may be disallowed under 11 U.S.C. § 502(a)(1). Defendant insists its deed of trust satisfies the statute of frauds.

## A. The Affidavits Create No Genuine Issue of Material Fact.

Defendant submitted an affidavit executed by Kelly Mann ("Mann"), a local title company officer with considerable experience in real property transactions stating in part that:

5. Although the Miller Deed of Trust does not have an attached legal description, the property is nonetheless readily identifiable based upon the street address of the property. After reviewing the Miller Deed of Trust, I was able to locate the property [identified in the deed of trust] by driving to 1812 North 31st, Boise Idaho. At 1812 North 31st, Boise Idaho is a residential house with a fenced-in yard and a standard front yard facing North 31st Street. Based upon the street address stated in the Miller Deed of Trust, I was able to easily identify the real property encumbered by the Miller Deed of Trust.

6. By accessing the Ada County public property master database . . . I was able to get a legal description for the property encumbered by the Miller Deed of Trust. By typing the street address for the property into Ada County's master database, I was given a computer generated information screen identifying all pertinent information pertaining to the property located at 1812 North 31st street, including the name of the repeated owner . . . and the owner's mailing address . . . . The public property tax MDI screen, which was generated by my search, is attached hereto as *Exhibit 2*. By "clicking on" the "Property Desc" button on the MDI screen, the legal description for the property located at 1812 North 31st Street was displayed. The legal description of the property located at 1812 North 31st Street is shown in the window titled "Public Property Description-Display [PT2zfF]."

7. Based upon my minimal search of Ada County's records, with only the street address for the subject property, I was able to retrieve a legal description for the property encumbered by the Miller Deed of Trust.

Docket No. 9, Affidavit of Kelly Mann, at ¶ 5–7.

Exhibit 2 to Mann's affidavit is a copy of the computer screen generated by Mann's search. In the window entitled "Public Property Description-Display" is a property description: "LOTS 16/17 S 10 FT OF LOT 18 BLK 33 CRUZEN ADD."

To support her position, Plaintiff submitted her own affidavit stating:

The Deed of Trust on page 1 does reference the address of "1812 North 31st, Boise, Idaho 83701" purporting to be the encumbered property. I can drive to that address. However, I would have no idea when looking at that address the length, depth, width, size, metes and boundaries of the property by simply finding it at a certain point on a street. Neither would I have the expertise to find such information simply from the street address.

Docket No. 15, Affidavit of Lois K. Murphy at ¶ 3.

To defeat a motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The same Rule requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Evid. 602 warns that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Affidavits lacking personal knowledge are inadmissable under Fed.R.Civ.P. 56(e) and Fed.R.Evid. 602. *United States v. Aetna Casualty & Surety Co.*, 981 F.2d 448, 454 (9th Cir.1992).

So what facts do the affidavits establish? On this record, it is unclear whether Plaintiff had personal knowledge of any of the facts specific to the property at issue. In her affidavit, Plaintiff states she *can* drive to the property, that she *would* have no idea as to the size of the property, and that she *would not* have the expertise to find the legal description from the street address. She does not attest that she indeed *has* driven to the property, *could not* determine the size of the property, or *was*

*unable* to find the legal description of the property. Under these circumstances, Plaintiff's affidavit does not appear to be based upon personal knowledge and under the Rules the Court must disregard it.

The averments in Mr. Mann's affidavit, on the other hand, do appear to be based upon his personal knowledge—he apparently visited the property and was able to physically identify the parcel. He also personally conducted the research at the county offices. His statements stand as unrefuted, and will be regarded as establishing materials facts.

**B. Defendant is Entitled to Judgment as a Matter of Law.**

No Idaho statute expressly requires inclusion of a legal description of real property in an instrument of conveyance. Idaho's statute of frauds provides:

No estate or interest in real property, other than for leases for a term not exceeding one (1) year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.

Idaho Code § 9–503. In general, a "conveyance of an estate in real property may be made by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing. The name of the grantee and his complete mailing address must appear on such instrument." Idaho Code § 55–601. More particularly, a "mortgage, deed of trust or transfer in trust can be created, renewed or extended only by writing, executed with the formalities required in the

case of a grant or conveyance of real property." Idaho Code § 45–902.

 Nonetheless, the Idaho courts have required "as a general rule, a written instrument purporting to convey real property must contain a sufficient description of the property." *City of Kellogg v. Mission Mountain Interests Ltd.*, 16 P.3d 915, 920 (Idaho 2000) (citing *Worley Highway Dist. v. Kootenai County*, 98 Idaho 925, 576 P.2d 206, 209 (1978)). The court in *Haney v. Molko*, 123 Idaho 132, 844 P.2d 1382 (1992), instructs that a "sufficient" property description need only designate the land to be conveyed with reasonable certainty, since the purpose of a deed description is not to identify the land, but merely to furnish the means of identification. *Id.* at 1386. More completely, the rule appears to be that:

> [A] deed is void when it does not provide an adequate description to identify land it purports to convey *using means either directly from its language or by something extrinsic to which it refers....* the description contained in the deed will be sufficient so long as the quantity, identity or boundaries of the property can be determined from the face of the instrument or by reference to extrinsic evidence.

*Id.* (emphasis in original; internal quotations and citations omitted).

 In applying this rule here, it is helpful to examine the circumstances in the Idaho cases where the courts considered whether particular land descriptions are sufficient as between the parties. For example, in *Mission Mountain* the instrument conveying title described the subject land as the "lodge and the land on which it is located, along with the ski lift." 16 P.3d at 920. In addition, the parties had attached a map to the conveyance instrument, but the map was not referenced in the instrument. The court observes:

> [T]he map identified a portion of the Coeur d' Alene National Forest, and shown on the map are "portions of Sections 13, 18, 19 and 24, Township 48 North, and Ranges 2 East and 3 East, with a straight line running between two circles and slightly oblique to the vertical line separating Ranges 2 East and 3 East, with the designations 'chair lift,' 'ski lodge' and two references near to the two circles each reading 'ski tower.' "

*Id.* No evidence was produced to show the parties were uncertain as to the property conveyed, nor was there evidence showing that there was more than one Tamarack lodge or Chair Lift No. 4. Using the test described in *Haney*, the Idaho Supreme Court concluded the property was sufficiently described so that "it was possible for someone to identify exactly what property was being conveyed." *Id.* at 921.

In *Haney*, the instruments described the property as:

> Southwest quarter of Section 19, Township 3 North, Range 1 west, of the Boise–Meridian. Tax 17 and Tax 24 less Tax 24–A in Lot 4; Tax 21 in southeast southwest quarter and Lot 4, west 40 feet of Tax 20 all in the south one-half of the south-west quarter, including all tenement, hereditament, and improvements thereon, and all water rights pertaining to the property as granted by the Nampa Meridian Irrigation District.

844 P.2d at 1386. By reference to the tax parcel numbers, the court assumed persons could ascertain the legal metes and bounds description of the property being conveyed. *Id.* The court concluded that because the property descriptions included the tax parcel numbers, which in turn by reference to records in the county assessor's office enabled a person to identify the exact property being conveyed, the property descriptions were sufficient. *Id.*

By contrast, in *Worley Highway Dist.* the property was conveyed by two resolutions of the Kootenai County Board of Commissioners, which referred to the property as: "[a]ll other property, real and personal, not specifically described", and "all material sites owned by Kootenai County and normally used by the Road Department are hereby transferred to the Highway District in which they are situated." 576 P.2d at 208. Without specific analysis, the Idaho Supreme Court concluded the resolutions "contained no description of the property and consequently were insufficient to pass title." *Id.* at 209.

In the case before this Court, use of a street address as the property description certainly imparts more information about the subject property than the sort of broad, general reference found legally insufficient in *Worley Highway Dist.* Recall, a sufficient description need not itself identify the property; rather, it need only provide a reasonable means of identification, either on the face of the instrument or by reference to extrinsic evidence. As evidenced in Mr. Mann's affidavit, using only the street address in Defendant's deed of trust, he was able to ascertain the legal description of the property being conveyed by a search of the Ada County records, just as the inclusion of the tax number for the parcel enabled a person to find the legal description of the property in *Haney.* In other words, using the information contained on the face of the instrument, and by reference to extrinsic evidence, the legal description of Debtor's property can be found. As shown in Mann's affidavit, entering the street address into the Ada County public property master database generates the legal description: "LOT 16/17 S 10 FT OF LOT 18 BLK 33 CRUZEN ADD". Docket No. 9, Exhibit 2.[4] Under the undisputed facts developed here, it seems clear inclusion of the street address in the deed of trust is sufficient to describe the property.

Plaintiff urges that under *Dahlberg v. Johnson's Estate,* 70 Idaho 51, 211 P.2d 764 (1949), where a deed fails to contain a description of the property before delivery, the deed is void. That decision is distinguishable here. *Dahlberg* involved a purported transfer using a deed containing a "blank" property description. The Idaho Supreme Court upheld the trial court's determination that the property description had been filled in after the transfer. *Id.* at 767. There is no indication that the *Dahlberg* deed included other information which, either alone or by reference to extrinsic evidence, would lead one to the legal description of the property, such as a tax parcel number or street address. The Court reads *Dahlberg* to hold only that where *no* description is contained in a deed, and in which at sometime after delivery, the description is completed, is the transfer void. *Id.* at 767–68. The case provides little help to Plaintiff here.

Plaintiff also cites *CC Holdings, Inc. v. Tennessee Gas Transport, Inc. (In re Tennessee Gas Transport, Inc.),* 169 B.R. 643 (Bankr.M.D.Tenn.1994) for a discussion of the common law rule governing resort to parole evidence for a property description in an instrument of conveyance:

> as another basis for deeming the deed of trust enforceable in this case. However, since the affidavit does not identify the numbers as tax numbers, the Court has not relied upon counsel's representation in reaching its conclusion.

4. The same exhibit to Mr. Mann's affidavit shows numbers, in addition to a legal description, which Defendant's counsel argued at hearing were in fact the tax parcel numbers for this property. If counsel is correct, the facts of this case appear square with the court's holding in *Haney,* and such may serve

Where an instrument is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible to show that the parties intended to designate a particular tract by the description.

169 B.R. at 645 (quoting *Dobson v. Litton,* 45 Tenn. 616, 620 (1868)). Because the particular deed before the bankruptcy court contained "virtually no physical description of the lands involved, other than the two counties in which those lands are located" it refused to allow extrinsic evidence to supply the location of the land in question. *Tennessee Gas Transport,* 169 B.R. at 646. Plaintiff argues that parol evidence, here taking the form of the information Mr. Mann obtained from the Ada County public property master database, may not be admitted to show that the street address refers to a legal description of the property.

Contrary to the rule applied by the Tennessee bankruptcy court, the Idaho rule seems to be that "so long as the quantity, identity or boundaries of the property can be determined from the face of the instrument *or by reference to extrinsic evidence*" the description will be sufficient. *Haney,* 844 P.2d at 1386 (emphasis added). As the Court discussed above, the legal description of the property may be ascertained from the street address by use of extrinsic evidence. The Court declines the invitation to stray from the Idaho courts' pronouncements in favor of Plaintiff's suggestion that the "common law" may be otherwise.

## V. Conclusion.

There are no genuine issues of material fact presented in this case. The subject deed of trust contained a street address of the property. By reference to that address, a competent witness was able to drive to the property and to physically identify it with relative ease and clarity. So, too, using only the street address, the same person was able to access the public records of Ada County, and to thereby obtain a legal description of the property. Nothing presented by Plaintiff draws these facts into question. Under these facts, as a matter of law, the Court concludes the street address contained in Defendant's deed of trust sufficiently describes the property to render the conveyance adequate under Idaho law.

Defendant's motion for summary judgment will be granted. Plaintiff's motion for summary judgment will be denied.